**UNITED STATES of America, Respondent,**

v.

**Felipe ALAMILLO, Movant.**

**Civ. A. No. 90–F–1998.**

United States District Court, D. Colorado.

Dec. 21, 1990.

James P. Moran, Asst. U.S. Atty., Denver, Colo., for respondent.

Felipe Alamillo, pro se.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on defendant's pro se Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 9, 1990. An evidentiary hearing is not necessary, as the record shows conclusively that defendant is not entitled to relief. *United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir.1988). For the reasons stated below, defendant's Motion is denied.[1]

On November 15, 1988, defendant was charged in a three count indictment. Count I charged conspiracy to possess with intent to distribute 195 pounds of marijuana, in violation of 21 U.S.C. § 846. Count II charged possession with intent to distribute 195 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count III charged distribution of one pound of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Alamillo entered pleas of "Not Guilty" to each count. Movant was found guilty of all three counts of the Indictment by jury verdict on March 29, 1990. His conviction was affirmed by the Tenth Circuit on June 11, 1990. *United States v. Alamillo,* No. 89–1141, slip op. (10th Cir. June 11, 1990). On May 15, 1989, Alamillo was sentenced to a term of imprisonment of 33 months on Count I, and 33 months as to Counts II and III, to run concurrently to Count I. The court also imposed a three year term of supervised release pursuant to 18 U.S.C. § 3583.[2] Movant challenges the term of supervised release.

Movant raises four arguments in his Complaint. First, he contends that supervised release violates the double jeopardy clause of the United States Constitution and constitutes cruel and unusual punishment. Further, because the terms of the release forbid association with persons involved in criminal activity, movant's first and fifth amendment rights are violated.[3] Secondly, movant argues that he has been singled out as a drug offender in violation of the Equal Protection Clause. Third, Alamillo contends that the imposition of supervised release is an impermissible bill of attainder. Last, movant maintains that he was denied due process and he had no input in the imposition of supervised release. In the Amendments to his Motion, filed on November 27, 1990, Alamillo reiterates his due process argument and alleges that the court violated Fed.R.Crim.P. 11(c)(1).

1. Plaintiff's pro se Motion must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir. 1979); *White v. Commissioner of Internal Revenue,* 537 F.Supp. 679, 682, note 1 (D.Colo.1982); *Miller v. Hawver,* 474 F.Supp. 441, 444 (D.Colo. 1979).

2. 18 U.S.C. § 3583 states:

The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute.

18 U.S.C. § 3583(a).

21 U.S.C. § 841(b)(1)(C) provides for the imposition of supervised release: "Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such imprisonment ..."

3. The court may order conditions of supervised release pursuant to § 3583(d). The condition imposed must: 1.) be reasonably related to the factors that the court may consider in sentencing, 2.) involve no great deprivation of liberty than necessary, and 3.) be consistent with the policy statements of the Sentencing Commission. 18 U.S.C. § 3583(d). A condition that movant avoid contact with persons involved in criminal activities is within the statutory guidelines enumerated. In fact, the condition imposed is a condition recommended by the United States Sentencing Commission. U.S.S.G. § 5B1.4, p.s. Alamillo's argument that he will have difficulty determining if any of his future associates are involved in criminal activity is unfounded.

■ Before accepting a plea of guilty or nolo contendere, Fed.R.Crim.P. 11(c)(1) requires a court to advise a defendant of the nature of the charge, the maximum penalty, including a possible term of supervised release, and the rights that the defendant is waiving. By its very language, this section applies only when the court is accepting a plea of guilty or nolo contendere. It does not apply where, as here, defendant entered a not guilty plea and was subsequently found to be guilty at trial. Alamillo's contention that the imposition of supervised release violated Rule 11 is without merit.

■ Likewise, movant's constitutional arguments are not persuasive. The Sentencing Guidelines were enacted to "... further the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, and rehabilitation." U.S.S.G. § 1.1, Pt. A, intro. comment. When supervised release is authorized under the Guidelines, it is the rule and not the exception. "Subsection 5D1.1(a) requires imposition of supervised release following any sentence of imprisonment for a term of more than one year or if required by a specific statute. While there may be cases within this category that do not require post release supervision, these cases are the exception and may be handled by a departure from this guideline." U.S.S.G. § 5D1.1, comment. (n. 1). The court clearly had the statutory authority to impose supervised release. *See* note 1.

■ Supervised release does not constitute cruel and unusual punishment. *United States v. Butler*, 895 F.2d 1016 (5th Cir.1989). Double jeopardy is also not implicated here. Movant has not been tried or punished twice for the same offense. He received a single sentence under a statute which allowed imposition of supervised release in addition to incarceration. Movant was not singled out by the legislature for imposition of supervised release. Further, he is not a member of any class which has been discriminated against. If, as movant alleges, he has been placed in an identifiable group of persons with felony convictions, this is clearly not a suspect classification within Equal Protection analysis.

■ The precedent cited by movant does not support his due process argument. In *United States v. Robel*, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967), the Supreme Court struck down the Subversive Activities Control Act. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) involved the voluntariness of a guilty plea. Alamillo received a trial to a jury. He was represented by counsel. He testified at trial. On June 11, 1990, his conviction was affirmed by the Tenth Circuit Court of Appeals. Movant has received the process to which he is entitled. His arguments are devoid of legal justification.

ACCORDINGLY, defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.