982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammy ABEYTA, Petitioner-Appellant,
v.
Frank O. GUNTER ((sic) Frank R. Gunter); Gale Norton,
Attorney General of the State of Colorado,
Respondents-Appellees.
 No. 92-1176.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Sammy Abeyta appeals the district court's dismissal of his pro se habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner was sentenced to life imprisonment for second degree burglary, aggravated robbery, mandatory sentence for a violent crime, and three counts as a habitual offender.
 
 
 3
 Petitioner exhausted his state remedies and filed his habeas corpus petition in the United States District Court for the District of Colorado. In his request for federal habeas relief, petitioner claims that (1) his absence from the first part of a pre-trial hearing violated his constitutional rights to due process and confrontation; (2) he received an inadequate advisement regarding the elements of the crime prior to entering a guilty plea to a 1977 offense used to enhance his sentence under the Habitual Offenders Act; (3) he was not advised that his 1977 plea agreement was not binding on the court in violation of his right to due process; (4) he was not advised of his constitutional rights which were waived by entry of his 1977 guilty plea; (5) he received an inadequate advisement regarding his right to testify at his trial; and (6) he received ineffective assistance of counsel throughout the proceedings. These are the same issues petitioner has repeatedly raised in his state court challenges.
 
 
 4
 The district court referred this matter to a magistrate judge who issued a recommendation that the petition for writ of habeas corpus be dismissed pursuant to 28 U.S.C. § 1915(d). Following consideration of petitioner's objections, the district court adopted the recommendation of the magistrate judge and dismissed the action.
 
 
 5
 We have reviewed the record and we can ascertain no reason to repeat or further elaborate on the facts or the law as presented in the magistrate judge's recommendation of March 9, 1992, and the district court's order of April 29, 1992, both of which are attached hereto.
 
 
 6
 The judgment of the United States District Court of the District of Colorado is AFFIRMED for substantially the same reasons set forth in the attached recommendation and order. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Civil Action No. 91-F-1991
 SAMMY ABEYTA, Petitioner
 
 7
 v.
 
 
 8
 FRANK R. GUNTER, GALE NORTON, Respondents.
 
 
 9
 March 9, 1992.
 
 
 10
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 11
 Petitioner Sammy Abeyta, a prisoner at the Fremont Correctional Facility of the Colorado Department of Corrections, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He was sentenced to a term of life imprisonment for second degree burglary, aggravated robbery, mandatory sentence for a violent crime, and three counts under the Habitual Offender Act. In his complaint, Plaintiff alleges that his convictions were procured in violation of his federal constitutional rights of due process, confrontation, and right to counsel.
 
 
 12
 Pursuant to Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to Magistrate Judge Donald E. Abram. Magistrate Judge Abram makes the following recommendation.
 
 FACTS
 
 13
 Mr. Abeyta's complaint is brought in six counts. In Count I, Petitioner alleges that his Fifth, Sixth and Fourteenth Amendment rights were violated because he was not present for the entirety of a pre-trial hearing conducted in 1983. Counts II, III and IV relate to a 1977 guilty plea, entered voluntarily, which was used to enhance Petitioner's sentence. In Count V, Petitioner alleges violation of his constitutional rights, claiming his waver of the right to testify during the habitual criminal phase of his trial was involuntary. Count VI concerns a claim that Petitioner received ineffective assistance of counsel.
 
 
 14
 Petitioner presented his constitutional arguments to the Colorado Court of Appeals. The court addressed on the merits the issues raised in Counts I through IV of the Petition for Writ of Habeas Corpus. However, the court of appeals found that Counts V and VI raised by Petitioner were not properly before that court, because the Defendant had withdrawn them from consideration by the trial court. After a review of the record, this court finds that because two of the grounds for relief contained in this Petition for Habeas Corpus were withdrawn at the state level, Petitioner procedurally defaulted on Counts V and VI.
 
 FINDINGS
 COUNT I
 
 15
 Petitioner alleges that his Fifth, Sixth and Fourteenth Amendment rights were violated because he was not present for the entirety of a pre-trial hearing conducted in 1983. A Defendant has a constitutional right to be present at trial proceedings whenever his presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charge. Kentucky v. Stincer, 482 U.S. 730 (1987); United States v. Gagnon, 470 U.S. 522, 526 (1985). His presence at trial proceedings is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only. Id.
 
 
 16
 Although Defense counsel was present at the start of the hearing, Petitioner was not. People v. Abeyta, No. 88-CAO263, slip op. at 2 (Colo.Ct.App.1990). However, a Defendant's presence is not required at a conference or hearing at which he could do nothing, such as a hearing on a motion that concerns only matters of law. United States v. Gagnon, 470 U.S. at 527. The arguments at that pre-trial hearing were based solely on case law and providency hearing transcripts. People v. Abeyta at 2. The issues were purely legal, and the trial court decided them from the written record. Id. Under such circumstances, Petitioner's presence was not required for a fair hearing, and he therefore was not denied due process. United State v. Gagnon, 470 U.S. at 527.
 
 
 17
 Petitioner also contends that his 1977 guilty plea to fraudulently obtaining a narcotic drug is constitutionally invalid. Petitioner's Counts II, III, and IV involve the question of the constitutionality of this plea.
 
 COUNT II
 
 18
 Petitioner contends that he was not correctly advised of the mens rea element of the 1977 crime for which he was charged. At the providency hearing, however, the trial court advised Petitioner that he was charged with unlawfully obtaining an unlawful drug ... by fraud, deceit, misrepresentation, or subterfuge. People v. Abeyta at 3. When explaining the crime to Petitioner, both the defense counsel and the trial court gave, as an example, buying heroin with a false prescription. Id. at 4. The court explained that this meant unlawfully obtaining a narcotic by fraud, or something of that nature. Id. In addition, Petitioner was represented by counsel, who discussed the charge with him. Id. at 4-5. It may be presumed in most cases that defense counsel adequately explained the elements of the crime to the Defendant. See Henderson v. Morgan, 426 U.S. 637 (1976).
 
 
 19
 When explaining the crime to Petitioner, both defense counsel and the trial court gave as an example buying heroin with a false prescription. People v. Abeyta at 5. It is not possible to obtain a narcotic drug by means of a false prescription without knowing the nature of the drug. Id. Petitioner's testimony at the 1977 hearing thus shows an understanding by him that knowingly obtaining a narcotic drug was an essential element to the crime. Id. Therefore, Petitioner was correctly advised of the mens rea element of the 1977 crime for which he was charged and his allegation to the contrary is without merit.
 
 COUNT III
 
 20
 Petitioner also claims he was denied due process because the trial court failed to advise him that his plea agreement was not binding on the court. The record and the findings of the state appellate court show unequivocally that Petitioner was not denied due process by the providency court's advisement regarding the sentencing agreement. Id. Although a possible future reduction of the sentence to two to four years was discussed at that hearing, the trial court informed Petitioner that he could receive a five year sentence. Id. In response to the court's inquiry concerning whether the plea was induced by promises, the defense counsel stated on the record and in Petitioner's presence that Petitioner's attorney had explained the possibility of a reduction in sentence was not a promise. Id. Therefore, Petitioner's claim that the trial court failed to advise him that the plea agreement was not binding on the court, is without merit.
 
 COUNT IV
 
 21
 Petitioner claims that he received no advisement and demonstrated no understanding of the rights being waived by his guilty plea at the 1977 providency hearing. In his opening brief to the court of appeals, he alleged that a specific advisement of rights waived by a guilty plea is mandated under Boykin v. Alabama, 395 U.S. 238 (1969). (Opening Br. Def.-Appellant at 16). In Boykin, the Supreme Court held that a reviewing court cannot presume from the mere fact that a guilty plea was entered that the Defendant had waived his or her fundamental constitutional rights. The Court concluded that, in the absence of evidence in the record of whether the Defendant's guilty plea was made voluntarily and understandingly, the plea must be set aside. Id. at 242. Here, however, the record reveals that Petitioner's 1977 plea was entered knowingly and voluntarily.
 
 
 22
 Boykin imposed only a requirement of an affirmative record showing a voluntary and intelligent plea. Stinson v. Turner, 473 F.2d 913, 915 (10th Cir.1973). Petitioner was advised of his right to a jury trial, and his argument that advisement of other rights was required for entry of a valid guilty plea was rejected by the court of appeals. People v. Abeyta at 6. Thus, Petitioner's allegation that his 1977 guilty plea was entered in violation of the Constitution is without merit.
 
 COUNTS V AND VI
 
 23
 In Count V, Petitioner alleges violation of his constitutional rights because his waiver of the right to testify during the habitual criminal phase of his trial was involuntary. Count VI concerns a claim that Petitioner received ineffective assistance of counsel. By virtue of the fact that Petitioner withdrew both Counts from consideration by the trial court, he procedurally defaulted on these claims. See Coleman v. Thompson, 111 S.Ct. 2546, 2549 (1991), reh. denied 112 S.Ct. 27 (1991).
 
 
 24
 In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 25
 Id. at 1225. Since Petitioner procedurally defaulted on these claims by withdrawing them from review by the trial court, and he has failed to demonstrate cause for the default or demonstrate that failure to consider the claims will result in a miscarriage of justice, federal habeas review of Counts V and VI is barred. Petitioner has also failed to substantiate his allegations raised in Counts I through IV. Therefore, this petition for habeas corpus should be dismissed.
 
 
 26
 IT IS HEREBY RECOMMENDED that the Petition for Writ of Habeas Corpus be dismissed without prejudice pursuant to 28 U.S.C. § 1915(d).
 
 
 27
 FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, the parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985).
 
 BY THE COURT:
 
 28
 /s/D.E. Abram
 
 Chief United States Magistrate Judge
 APPENDIX
 LOCAL RULES OF PRACTICE
 RULE 605
 Prisoner Petitions
 
 29
 A. Subject to provisions of the United States Supreme Court Rules governing § 2254 and § 2255 cases, the uniform rules of ancillary forms for use in the district court within the Tenth Circuit have been adopted. These rules apply to pro se petitions for writs of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 and motions under Rule 35, Federal Rules of Criminal Procedure, and to civil rights complaints under 42 U.S.C. § 1983. Copies of the uniform rules and ancillary forms shall be made available upon request made to the clerk.
 
 
 30
 B. When presented for filing, pro se petitions under 28 U.S.C. §§ 2241 and 2254 and pro se complaints under 42 U.S.C. § 1983 shall be delivered to a magistrate who shall review the motion and affidavit to proceed in forma pauperis and rule thereon in accordance with 28 U.S.C. § 1915. If the motion is granted, the magistrate shall promptly review the file and, if there is any basis for jurisdiction and possible merit, the Magistrate shall direct the clerk to make service of process.
 
 
 31
 C. If the magistrate determines that the case may be dismissed pursuant to 28 U.S.C. § 1915(d) or F.R.Civ.P. 12, the magistrate shall prepare a recommendation and appropriate order for consideration by a district judge, who shall at that time be selected as provided in Rule 200.
 
 
 32
 D. These cases shall be assigned to a district judge drawn by lot and to a designated magistrate. The assigned magistrate shall review promptly all further pleadings and may:
 
 
 33
 1. Issue such orders as may be needed to obtain a complete record.
 
 
 34
 2. Conduct such evidentiary hearings as may be necessary, including the conduct of on-site depositions and investigations.
 
 
 35
 3. Prepare appropriate findings and recommendations for consideration by the district judge, copies of which shall be mailed to the parties who shall have ten (10) days after service thereof to serve and file specific written objections thereto. If no such objections are timely filed, the magistrate's proposed findings and recommendations may be accepted by the district judge and appropriate orders entered without further notice.
 
 
 36
 4. Obtain the expected release date of inmates filing complaints under 42 U.S.C. § 1983 to determine when plaintiffs may be available for trial.
 
 
 37
 (Revisions Effective February 1, 1984)
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Civil Action No. 91-F-1991
 
 38
 SAMMY ABEYTA, Petitioner,
 
 
 39
 v.
 
 
 40
 FRANK R. GUNTER and GALE NORTON, Respondents.
 
 
 41
 April 29, 1992.
 
 ORDER
 Sherman G. Finesilver, Chief Judge
 
 42
 This matter comes before the Court on Petitioner Sammy Abeyta's pro se petition pursuant to 28 U.S.C. § 2254, filed November 13, 1991. Petitioner, a prisoner at the Fremont Correctional Facility of the Colorado Department of Corrections, was sentenced to a term of life imprisonment for second degree burglary, aggravated robbery, mandatory sentence for a violent crime, and three counts under the Habitual Offender Act. In his complaint, Petitioner alleges that his convictions were procured in violation of his federal constitutional rights of due process, confrontation, and right to counsel.
 
 
 43
 Pursuant to Rule 605 of the Local Rules of Practice, this matter was referred to Chief Magistrate Judge Donald E. Abram. Upon review of the complaint and applicable law, the Magistrate Judge recommended dismissal on March 9, 1992. Rule 605 provides that the parties may submit objections to the recommendation within ten days after service of the recommendation. On March 25, 1992, Petitioner filed a Motion for Extension of Time in which he requested an additional thirty days to respond to the Magistrate Judge's Recommendation. In a Minute Order entered March 25, 1992, we granted Petitioner's Motion for Extension of Time and stated, "Petitioner has up to and including Monday, April 27, 1992, to file objections to the Magistrate Judge's Recommendation." (Emphasis in original). On April 28, 1992, Petitioner filed an objection.
 
 
 44
 Petitioner's pro se petition must be construed liberally. Silva v. Gunter, No. 90-F-987, slip op. at 2 (D.Colo. January 2, 1991); United States v. Alamillo, 754 F.Supp. 827, 828 n. 1 (D.Colo.1990); Gregor v. Kautzey, No. 90-F-133, slip op. at 2 (D.Colo. December 5, 1990); White v. Commissioner of Internal Revenue, 537 F.Supp. 679, 682 n. 1 (D.Colo.1982); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979); Miller v. Hawver, 474 F.Supp. 441, 444 (D.Colo.1979); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). For the reasons stated below, the court ADOPTS the recommendation of Chief Magistrate Judge Abram. The action is DISMISSED.
 
 BACKGROUND
 
 45
 Petitioner's complaint is brought in six counts. In Count I, Petitioner alleges that his constitutional rights were violated because he was not present for the entirety of a pretrial hearing conducted in 1983. Counts II, III, and IV relate to a 1977 guilty plea, entered voluntarily, which was used to enhance Petitioner's sentence. In Count V, Petitioner alleges that his constitutional rights were violated because his waiver of the right to testify during the habitual criminal phase of his trial was involuntary. In Count VI, Petitioner claims that he received ineffective assistance of counsel.
 
 
 46
 Petitioner presented his constitutional arguments to the Colorado Court of Appeals. The court addressed on the merits the issues raised in Counts I through IV of the Petition for Writ of Habeas Corpus. However, the court found that Counts V and VI were not properly before the court because Defendant had withdrawn them from consideration by the trial court. After a review of the record, we find that because Counts V and VI were withdrawn at the state level, Petitioner procedurally defaulted on these two counts.
 
 COUNT I
 
 47
 Petitioner alleges that his constitutional rights were violated because he was not present for the entirety of a pre-trial hearing conducted in 1983. A defendant has a constitutional right to be present at trial proceedings whenever his presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charge. His presence is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only. Kentucky v. Stincer, 482 U.S. 730 (1987); United States v. Gagnon, 470 U.S. 522 (1985). A defendant's presence is not required at a conference or hearing at which he could have done nothing, such as a hearing on a motion that concerns only a matter of law. Gagnon, 470 U.S. at 526-27.
 
 
 48
 Here, the arguments at the pre-trial hearing were based solely on case law and providency hearing transcripts. The issues were purely legal, and the trial court decided them from the written record. Under such circumstances, Petitioner's presence was not required for a fair hearing. Id. at 527. Thus, Petitioner was not denied due process.
 
 COUNT II
 
 49
 Petitioner also contends that he was not correctly advised of the mens rea element of the 1977 crime for which he was charged. We disagree. At the providency hearing, the trial court advised Petitioner that he was charged with having "unlawfully obtained a narcotic drug, specifically heroin ... by fraud, deceit, misrepresentation, or subterfuge." The court explained that this meant "unlawfully getting a narcotic drug either by fraud, for example a false prescription, or something of that nature."
 
 
 50
 The appellate court noted that, under Colorado law, the reading of an information which charges a defendant with acting "feloniously" is the equivalent of advising that he was charged with acting "knowingly", and that the providency court had twice advised Petitioner that the crime charged was a felony. In addition, Petitioner was represented by counsel, who discussed the charge with him.
 
 
 51
 Finally, Petitioner's testimony at the 1977 hearing shows an understanding by him that knowingly obtaining a narcotic drug was an essential element to the crime. Hence, Petitioner was correctly advised of the mens rea element of the 1977 crime for which he was charged. His allegation to the contrary is without merit.
 
 COUNT III
 
 52
 Petitioner also claims that he was denied due process because the trial court failed to advise him that his plea agreement was not binding on the court. However, the record and the findings of the state appellate court show unequivocally that Petitioner was not denied due process by the providency court's advisement regarding the sentencing agreement. Although a possible future reduction of the sentence to two to four years was discussed at the hearing, the trial court informed Petitioner that he could receive a five-year sentence. Thus, Petitioner's claim is without merit.
 
 COUNT IV
 
 53
 Petitioner also contends that he received no advisement and demonstrated no understanding of the rights being waived by his guilty plea at the 1977 providency hearing. In his opening brief to the appellate court, he alleged that a specific advisement of rights waived by a guilty plea is mandated under Boykin v. Alabama, 395 U.S. 238 (1969). In Boykin, the Supreme Court held that a reviewing court cannot presume from the mere fact that a guilty plea was entered that the Defendant had waived his or her fundamental constitutional rights. The Court concluded that, in the absence of evidence in the record of whether the defendant's guilty plea was made voluntarily and understandingly, the plea must be set aside. Id. at 242.
 
 
 54
 Here, however, the record reveals that Petitioner's 1977 plea was entered knowingly and voluntarily. Thus, Petitioner's allegation that his 1977 guilty plea was entered in violation of the Constitution is without merit.
 
 COUNT V AND COUNT VI
 
 55
 In Count V, Petitioner alleges that his constitutional rights were violated because his waiver of the right to testify during the habitual criminal phase of his trial was involuntary. In Count VI, Petitioner contends that he received ineffective assistance of counsel. Petitioner withdrew both counts from consideration by the trial court. Thus, he procedurally defaulted on these claims. See Coleman v. Thompson, 111 S.Ct. 2546 (1991), reh'g denied, 112 S.Ct. 27 (1991). Since Petitioner has failed to demonstrate cause for the default and has failed to demonstrate that failure to consider the claims will result in a miscarriage of justice, federal habeas review of Counts V and VI is barred. Id. at 2565.
 
 ORDER
 ACCORDINGLY, it is ordered:
 
 56
 1) Petitioner's Motion for Appointment of Counsel, filed April 28, 1992, is DENIED.
 
 
 57
 2) Petitioner's Motion for an Evidentiary Hearing, filed April 28, 1992, is DENIED.
 
 
 58
 3) The Recommendation of Chief Magistrate Judge Abram is ADOPTED.
 
 
 59
 4) The petition and the cause of action are DISMISSED.
 
 BY THE COURT:
 
 60
 /s/ Sherman G. Finesilver
 
 Sherman G. Finesilver, Chief Judge
 United States District Court
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3