The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Frank A. REYNOLDS, Defendant–Appellant.

No. 94CA0192.

Colorado Court of Appeals, Div. I.

April 6, 1995.

Rehearing Denied May 11, 1995.

Certiorari Denied Dec. 18, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CASEBOLT.

In this post-conviction proceeding involving a revocation of parole, defendant, Frank Allen Reynolds, a convicted sex offender, appeals the trial court's denial of his motion seeking immediate release from the Colorado Department of Corrections. We affirm.

On January 29, 1987, defendant was convicted of first degree sexual assault for an offense that occurred on November 10, 1983. Pursuant to § 18–1–105(1)(a)(I), C.R.S. (1986 Repl.Vol. 8B) which applies to offenses committed after July 1, 1979, and before July 1, 1984, he was sentenced to eight years in the Department of Corrections plus one year of parole.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1994 Cum.Supp.).

On November 12, 1992, the parole board released defendant on parole for the remainder of his sentence. On December 10, 1993, after defendant had been on parole for more than one year, but prior to its projected termination date, a complaint to revoke his parole was filed, and he was returned to the Department of Corrections to serve the remainder of his sentence.

Defendant filed this post-conviction motion seeking immediate release contending that, under his original sentence, he could not be placed on parole for more than one year. Accordingly, he reasoned, the parole board had no authority to revoke his parole because he had already completed that one year of parole at the time the board filed its revocation petition.

The trial court denied defendant's petition, concluding that the one-year parole period specified by § 18–1–105(1)(a)(I), C.R.S. (1986 Repl.Vol. 8B), did not apply to sex offenders. Rather, the trial court held that the term of defendant's parole was within the discretion of the parole board based on § 17–2–201(5)(a), C.R.S. (1986 Repl.Vol. 8A) and the supreme court's decision in *Thiret v. Kautzky*, 792 P.2d 801 (Colo.1990). Thereafter, the trial court amended defendant's sentence by deleting the one-year period of parole from the mittimus.

## I.

Defendant contends that under § 18–1–105(1)(a)(I), C.R.S. (1986 Repl.Vol. 8B) and § 17–22.5–303(2), C.R.S. (1986 Repl.Vol. 8A), his parole terminated after one year. He asserts that the parole board's revocation of his parole after the one-year period had expired was therefore invalid and that he is entitled to immediate discharge. We disagree.

Sections 18–1–105(1)(a)(I) and 17–22.5–303(2) provide a maximum period of one year of parole for certain felonies. However, § 17–2–201(5)(a), C.R.S. (1986 Repl.Vol. 8A) provides that for "any person sentenced for conviction of a sex offense, as defined in section 16–13–202(5), C.R.S. . . . the [parole] board has *the sole power* to grant or refuse to grant parole and to fix the condition there-

of and has full discretion to set the duration of the term of parole granted" so long as the term of parole does not exceed the maximum sentence imposed upon the inmate or five years, whichever is less. (emphasis added)

In *Thiret v. Kautzky, supra,* the supreme court reviewed § 17–2–201(5)(a) in an analogous context. There, the defendant was sentenced to a term of years plus one year of parole for a crime committed after July 1, 1979, but before July 1, 1985. The court acknowledged that the defendant's parole was mandatory under § 18–1–105 unless some other statutory provision precluded it. Relying upon the specific terms of § 17–2–201(5)(a), the court held that, because the defendant was convicted of a sex offense, "his parole on that conviction is discretionary with the Parole Board." *Thiret,* at 806.

We view the principles announced in *Thiret* as dispositive here. Under *Thiret,* the parole board has full discretion to grant or deny parole to a sex offender and to fix the length of parole within the statutory limitations of § 17–2–201(5)(a).

■ The discretion specifically granted to the parole board by § 17–2–201(5)(a) is not limited by language in more general statutes. *See* § 2–4–205, C.R.S. (1980 Repl.Vol. 1B) (specific statutory provisions prevail over general statutory provisions); *Thiret, supra.* Accordingly, the one-year parole provisions of § 18–1–105(1)(a)(I) and § 17–22.5–303(2) do not limit the parole board's discretion to fix a longer term for defendant's sex offense conviction.

Defendant argues that we may avoid finding any conflict between the more specific provisions of § 17–2–201(5)(a) and the general terms of § 18–1–105. He asserts that § 17–2–201(5)(a) limits the term of parole to the "maximum sentence imposed upon the inmate by the court or five years, whichever is less," and that we should construe the term "maximum sentence" in this context to mean the one year of parole originally imposed by the trial court. In essence, he asserts that the parole board has discretion under that statute to decide *if* and *when* parole should commence, but not to decide the *term* or time period of that parole.

We do not find his assertion persuasive. Rather, we construe the term "maximum sentence," as applicable here, to include the term of years imposed. *See People v. Sandoval*, 809 P.2d 1058 (Colo.App.1990) (maximum sentence in context of § 17–22.5–303 includes both the definite term of years imposed and the parole period); *People v. Coleman*, 844 P.2d 1215 (Colo.App.1992) (total sentence includes the period of parole).

■ Although the sentencing court incorrectly entered a one-year term of parole on defendant's original mittimus, we conclude below that this entry was properly stricken from defendant's sentence; consequently, that did not preclude the parole board from placing defendant on a discretionary term of parole pursuant to § 17–2–201(5)(a). *Jones v. Martinez*, 799 P.2d 385 (Colo.1990).

The parole board properly required defendant to serve more than one year of parole. Therefore, the parole board's revocation of defendant's parole did not occur after completion of his sentence and defendant is not entitled to release from custody. *See People v. Fields*, 785 P.2d 611 (Colo.1990); *Goetz v. Gunter*, 830 P.2d 1154 (Colo.App.1992).

## II.

Defendant argues that the trial court had no jurisdiction to modify his sentence by deleting the one-year parole period set forth in the original mittimus. Specifically, defendant argues that this period was lawfully imposed and accordingly could not be modified. We disagree.

■ As established above, the parole board is granted exclusive jurisdiction under § 17–2–201(5)(a) to impose the terms, conditions, and length of parole for sex offenders. Accordingly, the sentencing court had no jurisdiction to impose any term of parole, and it erred in issuing a mittimus which required service of a one-year parole period. *See Qureshi v. District Court*, 727 P.2d 45 (Colo. 1986).

■ A sentence which is contrary to legislative mandates is illegal and may be corrected without violating a defendant's rights against double jeopardy. *People v. District*

*Court*, 673 P.2d 991 (Colo.1983); *see also People v. Anaya*, 894 P.2d 28 (Colo.App. 1994). An unlawful sentence may be corrected by a sentencing court at any time. Crim.P. 35(c); *Mulkey v. Sullivan*, 753 P.2d 1226 (Colo.1988).

Therefore, the trial court did not err in vacating that portion of defendant's sentence which provided for one year of parole. *See Qureshi v. District Court, supra.*

Order affirmed.

METZGER and MARQUEZ, JJ., concur.