The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Samuel GALLEGOS, a/k/a Felix Vialpando, a/k/a Daniel Gallegos, Defendant–Appellant.

No. 94CA0250.

Colorado Court of Appeals, Div. II.

July 27, 1995.

Rehearing Denied Aug. 31, 1995.

Certiorari Denied April 15, 1996.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey H. Cahn, P.C., Jeffrey H. Cahn, Westminster, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Samuel Gallegos, appeals the denial of his Crim.P. 35(c) motion challenging the validity of his conviction for attempted theft. We affirm.

In February 1988, defendant was charged with theft in violation of § 18–4–401, C.R.S. (1986 Repl.Vol. 8B). At that time, defendant was on parole from the Department of Corrections on a prior conviction. Because violating any state law constituted a violation of defendant's parole, a parole revocation hearing was held, after which defendant's parole was revoked for a period of two years and defendant was returned to the Department of Corrections.

Subsequent to the parole revocation hearing, defendant entered into a plea agreement with the prosecution, as a part of which he pled guilty to attempted theft. The court sentenced the defendant to eight years incarceration in the Department of Corrections.

Defendant then filed a Crim.P. 35(c) motion challenging his guilty plea as a violation of his protections against double jeopardy as established by the Fifth Amendment and Colo. Const. art. II, § 18. Subsequent to a hearing, the hearing court denied defendant's Crim.P. 35(c) motion, and this appeal followed.

Defendant contends that the hearing court erred in concluding that his constitutional

rights against double jeopardy were not violated when, after a finding of violation of parole in a parole revocation proceeding, he was convicted of attempted theft for the same conduct for which his parole was revoked. We disagree.

■ As a preliminary to determining defendant's assertion that he has been subjected to a double risk of punishment, we must determine whether a parole revocation proceeding is the type of proceeding which invokes the protections of the constitutional double jeopardy clauses. As a case of first impression in this state, we are asked by the defendant to hold that the doctrine of double jeopardy is implicated when an individual admitted to parole has that parole status revoked because of behavior which constitutes criminal conduct and is, thereafter, prosecuted for the same conduct that constituted a violation of a condition of parole. We conclude that the doctrine of double jeopardy is not implicated in such a case.

■ Parole is a privilege, and no prisoner is entitled to it as a matter of right. *Silva v. People*, 158 Colo. 326, 407 P.2d 38 (1965). Moreover, one who is on parole is granted the privilege to be outside the confines of the institution while serving a sentence, but is subject to re-incarceration at any time. Furthermore, a parolee is considered to be under a restraint imposed by law and not a free person, but rather, is a constructive prisoner of the state and under control of the appropriate state officials. *People v. Lucero*, 772 P.2d 58 (Colo.1989).

Our supreme court has recognized that certain types of disciplinary sanctions imposed on a defendant do not constitute punishment for the substantive crime involved and, therefore, do not implicate the double jeopardy clauses. For example, in *Silva v. People, supra*, the court concluded, with respect to an escape from prison, that administrative disciplinary punishments that precluded a prisoner from earning deductions from the length of his sentence and that made him ineligible for parole for a certain period were administrative proceedings that did not constitute punishment for the substantive crime involved and, therefore, did not invoke the protections of the double jeopardy clauses. *See People v. Martinez*, 656

P.2d 1317 (Colo.1983). *See also People v. Watson*, 892 P.2d 388 (Colo.App.1994) (prior prison disciplinary proceeding for defendant's assault of prison official did not bar subsequent criminal prosecution for same assault.)

Furthermore, several federal circuit courts have determined that parole and probation proceedings do not trigger the protections of the federal Double Jeopardy Clause. *See U.S. v. McGowan*, 960 F.2d 716 (8th Cir. 1992); *Priore v. Nelson*, 626 F.2d 211 (2d Cir.1980); *Averhart v. Tutsie*, 618 F.2d 479 (7th Cir.1980).

More specifically, in *U.S. v. Hanahan*, 798 F.2d 187, 189–190 (7th Cir.1986), the court stated:

A parole revocation proceeding is an administrative proceeding designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law. A criminal prosecution is a judicial proceeding that vindicates the community's interests in punishing criminal conduct. Because the two proceedings serve different ends, the finding that the defendant no longer merits parole does not foreclose the criminal justice system from punishing the defendant for that conduct.

*See also Kell v. U.S. Parole Commission*, 26 F.3d 1016 (10th Cir.1994); *Garcia v. U.S.*, 769 F.2d 697 (11th Cir.1985); *U.S. v. Whitney*, 649 F.2d 296 (5th Cir.1981).

Defendant argues that the aforementioned cases, and in particular, *U.S. v. Hanahan*, were effectively nullified when the Supreme Court ruled in *U.S. v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), that once a defendant was convicted in a criminal contempt proceeding, he could not subsequently be prosecuted for the same conduct in a criminal proceeding. We conclude that the defendant has misinterpreted *Dixon* and find that case inapplicable here.

In *Dixon*, the Supreme Court rejected the "same conduct" test in overruling *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and re-established the "same-elements" test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as the only test of a double

jeopardy violation. Defendant argues, however, that by rejecting the Government's distinction between a criminal prosecution and a criminal contempt proceeding in *Dixon*, the Supreme Court effectively overruled the rationale the federal Circuit Courts have relied on and their conclusions that the protections of the Double Jeopardy Clause were not triggered by a parole revocation proceeding because of its administrative character.

We reject the defendant's analysis and conclude that *Dixon* did not affect *Averhart* and its progeny. In *Dixon*, the Supreme Court concluded that protections against double jeopardy apply when an individual is criminally prosecuted for a crime after he was previously convicted in a criminal contempt proceeding for the same conduct. Because the Court had long before recognized that a criminal contempt proceeding, at least in its non-summary form, is a crime in every fundamental respect and in the ordinary sense, *see Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), and since certain of the defendant's multiple convictions did not survive the "same-elements" test of *Blockburger*, the Court concluded that the Double Jeopardy Clause precluded other criminal convictions subsequent to a criminal contempt proceeding for the same conduct. *U.S. v. Dixon, supra.*

In our view, the Supreme Court's application of the Double Jeopardy Clause to a criminal contempt proceeding relies on the Court's recognition of such a proceeding as relating to a crime, as to which other constitutional protections, such presumption of innocence, proof beyond a reasonable doubt, the guarantee against self-incrimination, assistance of counsel, and others, apply. *See U.S. Dixon, supra.* Therefore, a criminal contempt proceeding is distinguishable from a parole revocation proceeding, which is not a criminal prosecution.

We find the federal circuit court cases to be persuasive authority that a parole revocation proceeding is an administrative proceeding that is designed to protect and serve different purposes than those in a criminal prosecution.

Since Colorado recognizes parole as a privilege and parolees as constructive prisoners, revocation of parole is no more than a denial of a grace that a defendant had no entitlement to in the first place. Revocation of parole does not punish the defendant for his conduct, but merely re-affirms the original sentence and requires the defendant to serve it while in custody.

Therefore, here, the constitutional prohibition against double jeopardy is inapplicable, and such concept cannot be invoked as a basis for overturning defendant's conviction.

Inasmuch as double jeopardy is not implicated here, we do not reach, and need not apply, the "same-elements" standard set forth in *Blockburger, supra*, and adopted by our supreme court in *Boulies v. People*, 770 P.2d 1274 (Colo.1989) and *People v. Allen*, 868 P.2d 379 (Colo.1994), in order to determine whether the defendant's constitutional rights were violated.

Accordingly, the denial of defendant's Crim.P. 35(c) motion is affirmed.

CRISWELL and TURSI *, JJ., concur.