The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gary Steven BARTH, Defendant–Appellant.

No. 98CA0680.

Colorado Court of Appeals, Div. V.

March 4, 1999.

As Modified on Denial of Rehearing April 1, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Nancy Bauer Egelhoff, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Gary Steven Barth, Pro Se

Opinion by JUDGE BRIGGS.

Defendant, Gary Steven Barth, appeals the trial court's order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm but remand for correction of the mittimus.

Defendant thereafter filed *pro se* a Crim. P. 35(c) motion seeking to have his sentence modified. He asserted that his three-year prison sentence plus the two-year mandatory parole period resulted in a total sentence of five years, thus illegally exceeding the three-year sentence the trial court intended to impose. He also argued that, because the sentencing court did not advise him of the mandatory period of parole, he could not be required to serve a period of parole following completion of his prison sentence.

Following a jury trial, defendant was convicted of felony menacing and criminal mischief. The trial court sentenced him to a three-year prison term for the felony menacing conviction, and a concurrent six-month jail sentence for the criminal mischief conviction. Upon being imprisoned, defendant learned that his sentence included two years of mandatory parole.

The trial court denied the motion without holding a hearing. The judge who ruled on defendant's motion was the same judge who had presided at his trial and imposed his sentence.

I.

Defendant contends that the addition of two years of mandatory parole illegally exceeded the sentence the trial court intended to impose. He therefore argues the court erred in denying his Crim. P. 35(c) motion. We disagree.

Felony menacing is a class five felony. Section 18–3–206, C.R.S.1998. A defendant convicted of such an offense and sentenced to a term of imprisonment must serve a mandatory two-year period of parole after completing the prison sentence. Section 18–1–105(1)(a)(V)(A), C.R.S.1998.

The privilege of parole is merely a grant of permission to serve the remainder of a sentence outside the prison walls. The defendant remains under the supervision of the Department of Corrections. *People v. Hunter*, 738 P.2d 20 (Colo.App.1986), *aff'd*, 757 P.2d 631 (Colo.1988); *People v. Gallegos*, 914 P.2d 449 (Colo.App.1995).

■ Pursuant to § 18–1–105(1)(a)(V)(B), C.R.S.1998, a sentencing court may not waive or suspend a period of mandatory parole. Thus, regardless of the trial court's subjective intent, the two-year period of mandatory parole was a required part of defendant's original sentence. *See People v. Hunter, supra; People v. Leedom*, 781 P.2d 173 (Colo. App.1989).

We recognize that the mittimus does not reference a mandatory period of parole. This appears to be a common problem resulting, at least in part, from the use of a mittimus form that contains no standard provision for mandatory parole. Until such time as the form is properly revised, it is necessary for trial courts to include a provision addressing mandatory parole.

■ In the meantime, in this case, the error does not require that defendant's Crim. P. 35(c) motion be granted. Rather, it requires remand for correction of the mittimus. *See People v. McKnight*, 628 P.2d 628 (Colo. App.1981); *see also Garcia v. United States*, 492 F.2d 395, 398 (10th Cir.1974)("The well established principle that an invalid sentence [omitting a parole term] may be corrected by the imposition of a proper sentence is applicable even though, at the time of the resentencing, the original sentence is being served."); *People v. Reynolds*, 907 P.2d 670 (Colo.App.1995) (a mittimus that does not specify the period of parole required by statute is illegal and may be corrected at any time).

II.

Defendant separately asserts that the court erred in denying his Crim. P. 35(c) motion because the sentencing court failed to advise him, before imposing his sentence, that he would be required to serve a mandatory period of parole. We again disagree.

■ Before accepting a guilty plea, a trial court must inform the defendant of the direct consequences of a guilty plea, including that the sentence includes a mandatory parole term. This enables a defendant to have a full understanding of the consequences of the choice being made. *People v. Sandoval*, 809 P.2d 1058 (Colo.App.1990).

■ In contrast, for a defendant being sentenced after a trial and conviction, no choices remain. It is of course the better practice for the sentencing court to pronounce all elements of a sentence imposed, including any period of mandatory parole, at the sentencing hearing. Nevertheless, we conclude that, in the circumstances presented here, the failure of the sentencing court to do so does not relieve defendant of his obligation to serve the required two-year period of mandatory parole. *Cf. People v. Jones*, —— P.2d —— (Colo.App.1999).

### III.

Defendant also asserts, for the first time on appeal, that the addition of a specific period of mandatory parole to his sentence violates the separation of powers doctrine and his constitutional right against double jeopardy. We disagree with both contentions.

Defendant failed to raise these contentions in the Crim. P. 35(c) proceedings. Nevertheless, because defendant's claims raise questions concerning his fundamental constitutional rights, we elect to address them on the merits. *See Armstrong v. People,* 701 P.2d 17 (Colo.1985).

### A.

Relying on the doctrine of separation of powers, defendant asserts that: 1) the parole board, as part of the executive branch, has the sole discretion and authority to set the term of any individual defendant's parole, but it does not have the authority to add a period of parole not ordered or referenced by the sentencing court; 2) the trial court, as part of the judicial branch, has the sole authority to impose the sentence, but it does not have the authority to set the term of any period of parole; and 3) the General Assembly, as the legislative branch, has the sole authority to set the term of sentences for crimes, but it does not have the authority to impose a particular sentence. While not entirely clear, defendant appears to argue that the doctrine of separation of powers has been violated by the General Assembly's enactment of a statutory scheme which requires the sentencing court to impose a particular term of mandatory parole. We conclude to the contrary.

■ The separation of powers doctrine prohibits the exercise by one branch of government of the powers which the Constitution vests in another branch of government. Colo. Const. art. 3; *People v. Method,* 900 P.2d 1282 (Colo.App.1994). However, the separation of powers doctrine does not require a complete division of authority among the three branches of government, and the powers exercised by different branches of government necessarily overlap. *People in*

*Interest of R.W.V.,* 942 P.2d 1317 (Colo.App. 1997).

■ With respect to sentencing, the General Assembly has the inherent powers to prescribe punishment for crimes and to limit the court's sentencing authority. *People v. Pate,* 878 P.2d 685 (Colo.1994). More specifically, the General Assembly's enactment of a statute imposing a specified period of mandatory parole does not violate the doctrine of separation of powers. *People v. Childs,* 199 Colo. 436, 610 P.2d 101 (1980).

■ The imposition of a sentence within the range of sentences permitted by the General Assembly is a judicial function. *People v. Montgomery,* 669 P.2d 1387 (Colo.1983). However, courts have no authority to impose a sentence contrary to that authorized by the General Assembly. *People in Interest of R.W.V., supra; People v. Anaya,* 894 P.2d 28 (Colo.App.1994).

■ Once a sentence is imposed, the executive branch is responsible for carrying out the court's mandate. Specifically, the Department of Corrections and parole officials set parole eligibility dates and, for discretionary parole, determine whether to grant parole and the length of parole. However, that authority exists solely by statute. *See People v. Childs, supra; People v. Anaya, supra;* § 17–22.5–401, et seq., C.R.S.1998.

■ Here, the General Assembly properly enacted statutes requiring mandatory parole. In accordance with its clear mandate in § 18–1–105(1)(a)(V)(A), C.R.S.1998, the sentencing court was required to impose two years of a mandatory period of parole as part of defendant's sentence. In turn, the Department of Corrections is required to determine defendant's parole eligibility date based on that sentence.

Contrary to defendant's assertion, no branch of government is impermissibly assigned the powers constitutionally or statutorily vested in another. Rather, each of the coordinate branches of government is performing its proper function.

### B.

Defendant asserts that the imposition of a period of mandatory parole in addition to the sentence imposed by the sentence court violates his right against double jeopardy. Once again, we disagree.

As pertinent here, the prohibition against double jeopardy protects against multiple punishments for the same offense. *See Deutschendorf v. People*, 920 P.2d 53 (Colo.1996). However, as already discussed, a two-year period of mandatory parole is a required part of defendant's original sentence. *See People v. Hunter, supra; People v. Gallegos, supra.* Contrary to defendant's argument, correcting the mittimus to reflect the required period of parole does not violate his rights against double jeopardy. *See People v. District Court,* 673 P.2d 991 (Colo. 1983); *People v. Reynolds, supra,* 907 P.2d at 672 ("A sentence which is contrary to legislative mandates is illegal and may be corrected without violating a defendant's rights against double jeopardy."); *see also United States v. Alamillo,* 754 F.Supp. 827 (D.Colo.1990), *aff'd,* 941 F.2d 1085 (10th Cir.1991); *cf. Mahn v. Gunter,* 978 F.2d 599 (10th Cir. 1992).

The order is affirmed. The cause is remanded for correction of the mittimus to reflect the period of mandatory parole required under § 18—1–105(a)(V)(B).

DAVIDSON and VOGT, JJ., concur.