**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Nicholas R. BOYD, Defendant–Appellant.**

**No. 99CA2349.**

Colorado Court of Appeals, Division V.

March 1, 2001.

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Nicholas R. Boyd, Pro Se.

Opinion by Judge TAUBMAN.

Defendant, Nicholas R. Boyd, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

Defendant pled guilty to one count of aggravated robbery with a simulated weapon and one count of theft between $400 and $15,000. He was sentenced to twelve years in the Department of Corrections (DOC), eight years for the aggravated robbery charge and four years for the theft charge, with the sentences to run consecutively. Defendant was also sentenced to a five-year period of mandatory parole.

On direct appeal, a division of this court upheld defendant's conviction. *See People v. Boyd*, (Colo.App. No. 97CA0702, May 28, 1998)(not selected for official publication).

Defendant then filed a Crim. P. 35(c) motion for postconviction relief, arguing that: 1) the DOC was not applying its earned time rules consistently to him at two different facilities; 2) the trial court erred in sentencing him to a five-year period of mandatory parole; and 3) the DOC improperly had required him to serve 75% of his sentence, rather than 50% of his sentence, before he would be eligible for parole, in violation of § 17–22.5–403(2), C.R.S.2000. The trial court denied defendant's motion for postconviction relief without a hearing, finding that the record clearly established that defendant was not entitled to such relief.

In addition, defendant filed a C.A.R. 12(b) motion to proceed on appeal *in forma pauperis*. The trial court did not rule on this motion, and defendant raises this issue on appeal as well.

## I. Mandatory Parole Statute

Defendant first contends that the trial court erred in sentencing him to mandatory parole for five years in accordance with § 18–1–105(1)(a)(V)(E), C.R.S.2000. Specifically, he argues that the statute is unconstitutionally overbroad because it applies to two

convictions resulting from a single criminal episode and requires that he serve the longer period of parole associated with those convictions. In addition, defendant argues that, as a matter of statutory interpretation, the trial court erred in sentencing him to five years of mandatory parole, rather than three years. We disagree with both arguments.

### A. Overbreadth

Defendant contends that § 18–1–105(1)(a)(V)(E) is unconstitutionally overbroad because it affects the sentencing of persons charged with robbery and theft of the same money in the same episode, which he asserts the statute was not intended to do. We are not persuaded.

Section 18–1–105(1)(a)(V)(E) states, in relevant part: "If an offender is sentenced consecutively for the commission of two or more felony offenses ..., the mandatory period of parole for such offender shall be the mandatory period of parole established for the highest class felony of which such offender has been convicted."

▮▮▮ A statute is facially overbroad if, in addition to prohibiting conduct that is not constitutionally protected, its proscriptions sweep in a substantial amount of activity that is constitutionally protected. If such facial overbreadth is established, the statute will be struck down unless the state can demonstrate that the statute is necessary to promote a compelling governmental interest. *People v. Shepard,* 983 P.2d 1 (Colo.1999).

▮▮▮ If the overbreadth is not real and substantial, the statute is presumed to be constitutional, and the party challenging the statute must prove beyond a reasonable doubt that the statute lacks a rational relationship to a legitimate governmental interest. *Ferguson v. People,* 824 P.2d 803 (Colo. 1992).

▮▮▮ Section 18–1–105(1)(a)(V)(E) is not facially overbroad because it does not proscribe any conduct that is constitutionally protected. It merely determines which period of mandatory parole will apply to a defendant convicted of multiple felonies. Therefore, we must consider whether defendant has demonstrated that § 18–1–105(1)(a)(V)(E) lacks a rational relationship to a legitimate governmental interest.

▮▮▮ With respect to sentencing, the General Assembly has the inherent powers to prescribe punishment for crimes and to limit the court's sentencing authority. *People v. Pate,* 878 P.2d 685 (Colo.1994). The imposition of a sentence within the range of sentences permitted by the General Assembly is a judicial function. However, courts have no authority to impose a sentence contrary to that authorized by the General Assembly. *People v. Barth,* 981 P.2d 1102 (Colo.App. 1999).

The General Assembly has stated that one purpose of parole, including mandatory parole, is "[t]o promote rehabilitation by encouraging the successful reintegration of convicted offenders into the community while recognizing the need for public safety." Section 17–22.5–102.5(1)(c), C.R.S.2000.

Here, defendant pled guilty to one count of aggravated robbery, a class three felony with a five-year period of mandatory parole, and one count of theft, a class four felony with a three-year period of mandatory parole. *See* § 18–1–105(1)(a)(V)(A), C.R.S.2000. Because the sentences were to run consecutively, the trial court applied § 18–1–105(1)(a)(V)(E), and ordered defendant to serve a total of five years of mandatory parole, which was the period of parole for the higher class of felony of which he was convicted.

▮▮▮ We disagree with defendant's assertion that § 18–1–105(1)(a)(V)(E) was intended to apply exclusively to defendants convicted of multiple criminal episodes resulting in a pattern of behavior. Section 18–1–105(1)(a)(V)(E) expressly applies to any defendant convicted of two felony offenses. Because defendant was convicted of two felony offenses, the statute applies to him.

▮▮▮ In addition, we reject defendant's contention that because the same money was involved in both crimes the statute does not apply to him. Defendant was convicted of two separate felonies involving two separate victims. *See People v. Boyd, supra.* Therefore, he fell within the scope of § 18–1–

105(1)(a)(V)(E). It is irrelevant that the same money was involved in both crimes.

■ The General Assembly properly enacted the statutes requiring mandatory parole. In accordance with the clear mandate in § 18–1–105(1)(a)(V)(E), the sentencing court is required to impose a period of mandatory parole as part of a defendant's sentence. *See People v. Barth, supra.* Accordingly, we are persuaded that § 18–1–105(1)(a)(V)(E) has a rational relationship to the legitimate governmental interest of promoting the rehabilitation and reintegration of defendants while recognizing the need for public safety.

Therefore, we conclude that § 18–1–105(1)(a)(V)(E) is not unconstitutionally overbroad.

### B. Application of § 18–1–105(1)(a)(V)(E)

■ Defendant also argues that he should be required to serve only three years of mandatory parole because the theft sentence, which requires three years of mandatory parole, will be served later. Because he must remain in prison after the aggravated robbery sentence ends so he can serve the theft sentence, he asserts that he should serve the mandatory parole period for the later served sentence. We disagree.

■ Contrary to the People's contention, we may consider the legality of a mandatory parole sentence before a defendant has served his or her entire term of incarceration because a court may correct an illegal sentence at any time. *See People v. Wirsching,* —— P.3d ——, 2000 WL 1863028 (Colo. App. No. 99CA0977, Dec. 21, 2000).

The General Assembly is vested with the authority to determine a defendant's sentence. *See People v. Barth, supra.*

■ A statute must be construed according to its plain meaning. *People v. Wood,* 999 P.2d 227 (Colo.App.2000).

Based on the plain language of the statute, we disagree with defendant's interpretation of § 18–1–105(1)(a)(V)(E). As discussed above, § 18–1–105(1)(a)(V)(E) requires a defendant sentenced to consecutive felony of-

fenses to serve the period of mandatory parole for the highest class felony.

Here, defendant was charged with aggravated robbery, a class three felony, and theft, a class four felony. Therefore, the period of mandatory parole for the class three felony controls because it is a higher class felony. The order in which a defendant serves the consecutive sentences is irrelevant to the determination of the period of mandatory parole.

Accordingly, we conclude that defendant was properly sentenced to five years of mandatory parole under § 18–1–105(1)(a)(V)(E).

### II. Motion to Proceed *In Forma Pauperis*

Defendant argues that the trial court erred by failing to address his C.A.R. 12(b) motion to proceed *in forma pauperis* on appeal. First, we conclude that the issue is not moot even though on February 10, 2000, the clerk of this court granted defendant's request to proceed on appeal without payment of costs or fees. Second, although the trial court should have responded to defendant's motion and inform him that filing a new *in forma pauperis* motion was not necessary, we conclude the trial court did not err because it did not need to rule on a second motion.

■ An exception to the general rule precluding appellate review of moot issues exists when issues are presented that are capable of repetition yet evading review. *People v. Black,* 915 P.2d 1257 (Colo.1996). We may address such issues on the merits despite the fact that they otherwise are moot. *Urevich v. Woodard,* 667 P.2d 760 (Colo. 1983). Because this is such an issue, we address it here.

C.A.R. 12(b) permits a defendant who submits an affidavit declaring his or her inability to pay fees and costs or to give security to appeal an unfavorable outcome and proceed on appeal *in forma pauperis.* C.A.R. 12(b) states in relevant part:

[A] party who has been permitted to proceed in an action in the trial court in forma pauperis, or who has been permitted to proceed there as one who is financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in

forma pauperis without further authorization unless ... the trial court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed.

Here, defendant filed a C.A.R. 12(b) motion to proceed *in forma pauperis* on appeal contemporaneously with his Crim. P. 35(c) motion for postconviction relief. The .trial court denied the Crim. P. 35(c) motion, but failed to address the C.A.R. 12(b) motion.

However, the trial court had previously permitted defendant to proceed *in forma pauperis* on direct appeal. Therefore, he did not have to reapply to the trial court to proceed *in forma pauperis* on his Crim. P. 35(c) appeal. *See* C.A.R. 12(b). Defendant only needed to attach a copy of the trial court's order granting him leave to proceed *in forma pauperis* on direct appeal to his notice of appeal for the Crim. P. 35(c) motion, so that he could continue to proceed *in forma pauperis* on this appeal.

### III. Earned Time

We decline to address defendant's arguments that he was illegally denied earned time or that his sentence should be subject to 50% sentence reduction time, because these issues are not ripe for adjudication. *See* Crim. P. 35(c); *People v. Lepine,* 744 P.2d 81 (Colo.App.1987) (challenges to confinement credit may not be raised in a Crim. P. 35(c) motion until a defendant begins serving parole); *People v. Shackelford,* 729 P.2d 1016 (Colo.App.1986) (challenges to good time credit brought under Crim. P. 35(c) are not justiciable until defendant is entitled to be released under the sentence imposed by the trial court).

Defendant also contends that he was not given full sentence reduction time for his presentence confinement and that he was denied effective assistance of counsel because he was not permitted to plead guilty to the charge of criminal extortion. However, these arguments were not raised in his Crim. P. 35(c) motion for postconviction relief and, therefore, we will not address them. *See People v. Goldman,* 923 P.2d 374 (Colo.App. 1996) (defendant cannot raise new issue for first time on appeal in Crim. P. 35(c) proceeding).

Order affirmed.

ROTHENBERG and ROY, JJ., concur.