The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Donald PENROD, Defendant–Appellant.

No. 91CA2084.

Colorado Court of Appeals, Div. V.

Aug. 11, 1994.

Rehearing Denied Sept. 15, 1994.

Certiorari Denied March 20, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Donald Penrod, appeals the judgment entered upon jury verdicts finding him guilty of violating a bail bond condition and of being an habitual criminal. He also appeals the life sentence imposed by the trial court. We affirm the judgment, vacate the sentence, and remand for further consideration of issues relative to the sentence imposed.

While on bail for felony charges, defendant failed to appear for a hearing. The prosecution dismissed the felony charges and charged defendant with violating a bail bond condition—a class 6 felony.

Defendant was also charged with being an habitual offender based upon five prior convictions. The first count alleged a 1980 conviction for second degree burglary and theft of over $300. Another count alleged a 1980 conviction for robbery. A third count pertained to a 1980 conviction for aggravated motor vehicle theft. The fourth referred to a 1980 conviction for first degree assault, attempt to commit aggravated robbery, and attempt to commit second degree murder. The final count alleged a 1977 conviction for first degree criminal trespass.

I

Over defendant's objection, the prosecution was permitted in the first phase of the bifurcated proceeding to introduce evidence that defendant was released on bail after having been charged with three felony offenses consisting of illegal possession of a weapon, possession of burglary tools, and attempted aggravated robbery. Defendant contends that the trial court abused its discretion in admitting this evidence, asserting that the evidence was unfairly prejudicial in violation of CRE 403. We disagree.

As pertinent here, a defendant commits a bail bond violation if he is:

accused by complaint, information, [or] indictment . . . of any felony arising from the conduct for which he was arrested . . . [and] knowingly fails to appear for trial or other proceedings in the case in which the bail bond was filed. . . .

Section 18–8–212(1), C.R.S. (1993 Cum. Supp.).

The prosecution must, of course, prove all of the elements of the charged offense. As pertinent here, evidence that is relevant to any element may be excluded only if its probative value is *substantially* outweighed by the danger of unfair prejudice. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983); *see also Merritt v. People,* 842 P.2d 162 (Colo.1992). We may not overturn the trial court's decision on the issue of unfair prejudice unless the record demonstrates an abuse of discretion. *People v. Lowe, supra.*

Here, the evidence was relevant to establish that defendant was charged with committing felony offenses at the time he failed to appear. The evidence was also relevant to establish his motive for failing to appear. Further, the trial court excised the irrelevant and most prejudicial information prior to admitting the evidence consisting of defendant's status as a previous offender. Hence, we conclude that defendant has failed to establish an abuse of discretion.

II

Defendant next contends that the trial court committed reversible error in admitting certain documents during the habitual criminal phase of the trial. Again, we disagree.

The evidence that defendant challenges as extraneous and prejudicial includes finger-

print cards that noted parole violations, aliases, FBI case numbers, tattoos, and parole dates. He also challenges the admission of copies of court registers of action that noted revocation of probation proceedings, plea bargaining, a transfer from one county jail to another, and a sentence imposed in the first county that was consecutive to one in the second.

■ The reason for excluding evidence of prior criminality and bad character in a criminal proceeding is that the jury may believe the accused deserves punishment for the present charge because of his bad character rather than any specific finding of guilt. *People v. Lucero,* 200 Colo. 335, 615 P.2d 660 (1980). However, if a defendant does not suffer prejudice as a result of the admitted evidence, its admission is not reversible error. *People v. Montoya,* 640 P.2d 234 (Colo. App.1981).

Here, the evidence was admitted in the bifurcated proceedings related to defendant's status as an habitual criminal rather than in the trial of the predicate offense. The jury was properly instructed as to the particulars of the habitual criminal charges and as to the prosecution's burden of proof concerning those charges. And, while the challenged evidence was not favorable to defendant, because the various other documents were properly admitted to show his prior and numerous felony convictions, we are unable to conclude that the trial court committed reversible error in admitting the challenged evidence. *See* Crim.P. 52(a).

### III

■ Defendant next contends that the trial court erred in concluding that he was precluded by § 16–5–402, C.R.S. (1986 Repl. Vol. 8A) from attacking any of the prior felony convictions because he failed to show excusable neglect or justifiable excuse. He asserts that excusable neglect or justifiable excuse has been shown because he had no present need to challenge the convictions before the habitual criminal charge was filed and because his previous attorneys failed to advise him that he needed to attack those convictions. We reject those contentions.

■ In *People v. Wiedemer,* 852 P.2d 424 (Colo.1993), our supreme court expressly approved *People v. Stephens,* 837 P.2d 231 (Colo.App.1992). The *Stephens* court held that enactment of § 16–5–402 and the establishment of a five-year grace period by our supreme court in *People v. Fagerholm,* 768 P.2d 689 (Colo.1989) for any collateral attack on convictions entered prior to July 1, 1984, created a present need to challenge those convictions by July 1, 1989. Therefore, a defendant who fails to assert such challenges during the appropriate three-year period, as modified for pre–1984 convictions by *Fagerholm,* must show excusable neglect or justifiable excuse.

Further, a division of this court has rejected the theory that a defendant's prior counsel has an affirmative duty to challenge prior convictions before applicable time limitations expire and that a failure to do so constitutes excusable neglect or justifiable excuse. *People v. Boehmer,* 872 P.2d 1320 (Colo.App. 1993). Finally, our supreme court has rejected the contention that no present need exists to attack the prior felony convictions until the habitual criminal charges are filed. *People v. Mershon,* 874 P.2d 1025 (Colo. 1994).

Accordingly, under these circumstances, we conclude that the trial court did not err in ruling that § 16–5–402 precluded defendant from collaterally attacking his prior convictions in these proceedings.

### IV

■ Lastly, defendant contends that his adjudication as an habitual criminal and the ensuing sentence to life imprisonment for committing a class 6 felony constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments as well as Colo. Const. art. II, § 20. Under the unique circumstances of this case, we conclude that a remand to the trial court is required for reconsideration of this issue.

Prior to sentencing, defendant's request for an extended proportionality review was granted. An investigator for defendant evaluated the 1990–1991 case filings in Boulder, Weld, Larimer, Denver, Adams, and Arapa-

hoe counties. This review disclosed that a violation of bail bond conditions had only been charged nine times, that the longest sentence imposed was a three-year term of incarceration, and that none of the filings included habitual criminal proceedings.

In addition, defendant presented information on criminal statutes in other states which revealed that an habitual criminal sentence enhancement predicated on a bail bond violation can occur only in 29 states. According to defendant's research, a bail bond violation is not considered a crime in seven states. Moreover, a bail bond violation does not constitute a predicate felony for habitual criminal sentencing in an additional 15 states.

Finally, according to defendant's research, even in most states in which life sentences can be imposed for a violation of bail bond conditions, parole schemes would result in a sentence significantly less than Colorado's life sentence, which precludes parole for at least 40 years.

Upon consideration of this research and after reviewing defendant's prior convictions, the trial court concluded that imposition of a life sentence was required and that such a sentence did not violate the cited constitutional provisions.

After the life sentence was imposed and while this case was pending on appeal, the General Assembly adopted amendments to the habitual criminal sentencing statute effective July 1, 1993. Colo.Sess.Laws 1993, ch. 322 at 1975–76. Pursuant to this amendment to the statute, and based upon the conviction for a class 6 felony committed after July 1, 1993, defendant's sentence would not have exceeded 6 years. Sections 16–13–101(2) and 18–1–105(1)(a)(V)(A), C.R.S. (1993 Cum.Supp.). While the amended statute makes clear that it is intended to apply to crimes committed on or after July 1, 1993, see People v. Kemp, 885 P.2d 260 (Colo. App.1994), defendant in effect contends that this revision by the General Assembly demonstrates that his life sentence is grossly disproportionate to the crime.

Our supreme court recently had occasion again to address proportionality review in the context of a life sentence in People v. Mershon, supra. First, Mershon confirms that a life sentence based upon defendant's status as an habitual offender is not per se constitutional. Instead, a defendant is entitled to a proportionality review in order to measure the relationship between the nature and number of offenses committed and the severity of the punishment inflicted.

As stated in Mershon, objective criteria govern the proportionality analysis including: (1) the gravity of the current offense as well as the other offenses; (2) the sentences imposed upon other similarly situated defendants in the same jurisdiction; and (3) the sentences imposed upon similarly situated defendants in other jurisdictions.

As to the first factor for evaluation, it is apparent that the predicate offense of bail bond violation does not involve injury to person or private property. Instead, the gravamen of the offense constitutes the failure to appear for a court proceeding. Hence, we agree with defendant that such may not be characterized as a serious crime for purposes of a proportionality review.

Looking then to the other offenses, we conclude that the offenses, in combination, are serious ones for purposes of proportionality review. Specifically, the class 3 felony convictions for first degree assault and attempted second degree murder are grave and serious without question. Further, the class 4 felony convictions for attempted aggravated robbery, robbery, second degree burglary, theft over $300, and aggravated motor vehicle theft may not be characterized as lacking in gravity. See People v. Gaskins, 825 P.2d 30 (Colo.1992).

We turn then to the second factor which addresses sentences imposed in this jurisdiction on similarly situated offenders. As Mershon points out in another context, while the legislative decision as to the seriousness of applicable punishment is not determinative, that evaluation is entitled to substantial deference. Here, the General Assembly has now determined that, as of July 1, 1993, a similarly situated defendant would be subjected only to a maximum term of 6 years as an habitual offender, a difference of at least 34 years.

Conversely, we find no authority and the parties have cited none that specifically addresses the issue whether a substantial legislative change in penalties during the pendency of the appeal must be considered in conjunction with proportionality review. However, we necessarily conclude that, given the General Assembly's current evaluation of the seriousness of the offense at issue, this factor should be considered in determining whether defendant's sentence is grossly disproportionate.

We further determine, however, that the consideration of this factor and reconsideration of the third factor enumerated in *Mershon,* in the context of the sentencing amendment by our General Assembly, should not conclude the proportionality evaluation under the circumstances of this case. Given the state of the record in the trial court, the prosecution did not seek to introduce evidence concerning the harm caused or threatened in conjunction with defendant's prior offenses or the level of violence involved. *See People v. Gaskins, supra.* We conclude that, under the circumstances at issue, it should have the opportunity to do so.

If the court concludes on remand that defendant's sentence is grossly disproportionate, then he must be resentenced. *See People v. Mershon,* 844 P.2d 1240 (Colo. App.1992) (reducing life sentence to 35 years not an abuse of discretion), *rev'd on other grounds, supra.* In that connection, the court may consider events that have occurred after defendant committed the offense at issue which may justify a more severe sentence. *See Montoya v. People,* 864 P.2d 1093 (Colo.1993); *People v. Wieghard,* 743 P.2d 977 (Colo.App.1987). Specifically, the court may consider defendant's conviction for aggravated robbery and kidnapping that was recently affirmed by this court on appeal. *People v. Penrod,* (Colo.App. No. 91CA1547, February 10, 1994) (not selected for official publication).

The judgment of conviction is affirmed. The sentence is vacated, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

MARQUEZ and CASEBOLT, JJ., concur.