The PEOPLE of the State of Colorado,
Plaintiff–Appellee/Cross–Appellant,

v.

Leroy G. ANAYA and Anthony M. Anaya,
Defendants–Appellants/Cross–
Appellee.

Nos. 93CA1591, 93CA1699.

Colorado Court of Appeals,
Div. II.

Nov. 3, 1994.

Rehearing Denied Dec. 8, 1994.

Certiorari Denied May 15, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Sr. Asst. Atty. Gen., Denver, for plaintiff-appellee, cross-appellant.

John Turner, Colorado Springs, for defendant-appellant, cross-appellee Leroy G. Anaya.

Thomas A. Barnes, Jr., Colorado Springs, for defendant-appellant, cross-appellee Anthony M. Anaya.

Opinion by Judge TAUBMAN.

In these consolidated cases, the defendants, Anthony Anaya (Anthony) and Leroy Anaya (Leroy), appeal the trial court's order reducing their parole eligibility but not their sentences in a proportionality review hearing. Also, the People appeal the partial relief granted to the defendants in that hearing. We vacate the order and remand the cause for further proceedings.

In 1986, each defendant was convicted for his participation in an attempted armed robbery of a bar. Anthony was convicted of first degree assault, attempted aggravated robbery, conspiracy to commit aggravated robbery, and crime of violence. Leroy was convicted of attempted aggravated robbery, conspiracy to commit aggravated robbery, and crime of violence.

Each defendant was then adjudicated a habitual criminal and sentenced to life imprisonment based on three or more previous felony convictions under the habitual criminal statute. Anthony was found to have four previous convictions: one count of felony menacing, one count of felony escape, and two counts of theft from the person. Leroy was found to have three previous convictions: two counts of first degree criminal trespass and one count of violating bail bond conditions.

In 1992, Leroy filed a motion for proportionality review of his life sentence. Anthony filed a similar motion in early 1993. The trial court held a consolidated evidentiary hearing in August 1993. At the hearing, Leroy presented evidence, through a statistical analyst from the Department of Corrections, that exhibited the triggering offenses and previous felonies for all the habitual criminals who were serving life sentences in the department. Leroy also testified that his previous convictions were based on theft of a watch from a police car, theft of $16 from a car, and violating bail bond conditions. Anthony introduced no evidence other than his age.

The trial court found that the substantive crimes of the triggering offenses of each defendant were "very serious." However, the court stated that the previous felonies of each defendant were not serious and mostly "not violent." All of Leroy's prior convictions, and most of Anthony's, were either "property crimes" or "crimes against the system."

The trial court also considered as a significant fact the changing sentencing laws. The court noted that the 40–year parole ineligibility period attached to these defendants' sentences was the most severe in the history of the habitual criminal statute. Section 16–13–101(2), C.R.S. (1986 Repl.Vol. 8A); § 17.22.5–104(2)(c), C.R.S. (1986 Repl.Vol. 8A). Previously, the parole ineligibility period for life sentences was 20 years, § 17–22.5–104(2)(b) C.R.S. (1986 Repl.Vol. 8A), and subsequently, the habitual criminal statute has been amended to eliminate life sentences altogether for defendants such as the Anayas. Section 16–13–101(2), C.R.S. (1994 Cum.Supp.).

Considering all the circumstances, including the variations in sentencing laws, the court concluded that the defendants' sentences would be "more proportional" if they were eligible for parole in 20 years instead of 40. The court declared that its intent was "to cut the sentences in half." Accordingly, the court ordered that each sentence and *mittimus* be amended to direct that defendants would be eligible for parole in 20 years.

### I. Parole Eligibility

■ The People contend that the trial court was without jurisdiction to enter an order altering the defendants' parole eligibility which is established by statute. They assert that the trial court's order amending the defendants' sentences by reducing the period before parole eligibility occurred constituted an imposition of an illegal sentence which must be vacated. We agree.

■ A sentence that is beyond the statutory authority of the court is illegal. Courts are limited to imposing sentences within the statutory range authorized by the General Assembly and have no jurisdiction to enter sentences that are inconsistent with their sentencing authority as statutorily defined. *People v. District Court*, 673 P.2d 991 (Colo. 1983). The sentencing alternatives that are within a court's jurisdiction are defined in § 16–11–101, C.R.S. (1986 Repl.Vol. 8A). Those alternatives do not include the authority to enter orders modifying parole eligibility dates.

■ Conversely, parole eligibility is established by the General Assembly in § 17–22.5–101, et seq., C.R.S. (1986 Repl.Vol. 8A). The courts have no jurisdiction to fix parole eligibility, which is the responsibility of the Department of Corrections, and any attempt to do so is an illegal attempt to "circumvent legislative dictates." *See People v. District Court, supra,* at 996.

■ When a court imposes a sentence that is illegal, such as one that is in excess of its jurisdiction, the People may raise the issue for the first time on appeal. *People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978).

Here, the trial court granted defendants' requested relief by reducing only the period prior to parole eligibility and not their sentences. At the time of defendants' convictions in 1986, the habitual criminal statute provided that a defendant convicted under the habitual criminal statute was to be punished by imprisonment for his or her natural life. Section 16–13–101(2). The General Assembly then required that any person sentenced to life imprisonment pursuant to the habitual criminal statute was not eligible for parole until he or she had served "at least forty calendar years...." Section 17–22.5–104(2)(c). Hence, the relief granted by the trial court in this case was beyond its authority and, thus, falls within the category of an illegal sentence. Accordingly, the order purporting to reduce the period before defendants become eligible for parole must be vacated.

### II. Proportionality Review

To the extent that the trial court intended to reduce the defendants' sentences, we address their contentions relative to proportionality review. Both defendants assert that this court should conduct an independent proportionality review to determine whether a further reduction of their sentences is appropriate. They contend that an independent proportionality review would result in the further reduction of their sentences. We are not persuaded.

■ The Eighth Amendment and Colo. Const. art. II, § 20, using identical language,

prohibit the infliction of "cruel and unusual punishments." The Eighth Amendment provides an implicit guarantee that any sentence imposed on a defendant be proportionate to the severity of the crimes committed. *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). However, the Eighth Amendment does not require strict proportionality between the crime and the sentence. *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Instead, only sentences that are "grossly disproportionate" to the crime are forbidden by the Eighth Amendment. *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

■ In Colorado, a proportionality review requires a comparison of the nature and number of offenses committed with the severity of the punishment inflicted upon the defendant. *People v. Mershon,* 874 P.2d 1025 (Colo.1994). A defendant is always entitled to a proportionality review when sentenced under the habitual criminal statute. *Alvarez v. People,* 797 P.2d 37 (Colo.1990); *see* Brown, *Challenging the Constitutionality of Sentences through Proportionality Hearings,* 23 Colo.Law. 43 (January 1994).

■ In performing this review, the court should be guided by objective criteria including the gravity of the offense and the harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for the commission of the same crime in other jurisdictions. *Solem v. Helm, supra.*

■ Only an "abbreviated" review is required when the crimes supporting a habitual criminal sentence include grave or serious offenses and when the defendant will become eligible for parole, albeit not for 40 years. *People v. Cisneros,* 855 P.2d 822 (Colo.1993).

■ An abbreviated review consists of a scrutiny of the offenses in question to determine whether in combination they are so lacking in gravity or seriousness as to suggest that a life sentence is constitutionally disproportionate to the crime. *People v. Gaskins,* 825 P.2d 30 (Colo.1992). An extended review is required only in the rare case in which the felonies supporting the life

sentence are lacking in inherent gravity. *People v. Mershon, supra.* Therefore, a life sentence, although severe, does not violate the Eighth Amendment's prohibition against cruel and unusual punishment when the trial court concludes that the defendant's crimes are grave or serious. *People v. Mershon, supra.*

■ Furthermore, when the General Assembly subsequently amends a criminal sentencing statute, even though the statute is to be applied prospectively, the trial court may properly consider it when determining whether a defendant's sentence was grossly disproportionate. *People v. Penrod,* 892 P.2d 383 (Colo.App.1994) (In a proportionality review of defendant's life sentence imposed under the habitual criminal statute, the trial court should consider subsequent amendments to that statute, which would have subjected defendant to a maximum term of only six years).

■ A trial court has discretion to control the character and scope of evidence presented concerning constitutional proportionality review. Nevertheless, while factual findings of the trial court in a proportionality review are entitled to deference on appeal, the determination of whether a mandatory life sentence violates the Eighth Amendment is a question of law. *People v. Mershon, supra; see also People v. Gaskins, supra,* at 38. ("An appellate court is as well-positioned as a trial court to conduct [an abbreviated] proportionality review.").

### A. Anthony Anaya

■ In reviewing the proportionality of Anthony's sentence, the trial court concluded that his triggering offenses were serious. Furthermore, the court noted that he would have been eligible for parole after 40 years. Therefore, only an abbreviated review was required.

■ Nevertheless, the trial court properly considered the subsequent changes in the sentencing laws. However, a subsequent amendment to a criminal sentencing statute, by itself, is not sufficient to demonstrate that a defendant's sentence is grossly

disproportionate to his crime. *See People v. Penrod, supra.* Furthermore, in *Penrod,* the triggering offense was a bail bond violation and, thus, was not serious. Conversely, here, contrary to the trial court's finding, both Anthony's triggering offenses and prior felonies were serious. *See Alvarez v. People,* 797 P.2d 37 (Colo.1990) (aggravated robbery, theft, and conspiracy to commit aggravated robbery and theft coupled with lesser prior felony convictions are sufficiently serious to support a life sentence); *see also People v. Mershon,* 874 P.2d 1025 (Colo.1994) (theft is a serious felony for proportionality purposes); *People v. Cisneros,* 855 P.2d 822 (Colo.1993) (felony menacing is a serious offense). Therefore, his life sentence was not constitutionally disproportionate as a matter of law.

Since Anthony presented no evidence, other than his age, and since the trial court concluded his offenses were serious, there was no proper basis for determining that his life sentence was grossly disproportionate to his crimes. Accordingly, we conclude that, as a matter of law, the original sentence imposed on Anthony did not violate the Eighth Amendment and, therefore, must be reinstated.

### B. Leroy Anaya

■ The trial court also concluded that Leroy's triggering offenses were serious. In addition, Leroy would have been eligible for parole in 40 years. Therefore, Leroy too was entitled only to an abbreviated review.

However, the trial court conducted a more extended review. The court considered evidence presented by Leroy regarding the sentences imposed on other defendants convicted under the habitual criminal statute and their underlying crimes. While the scope of that review was more extensive than necessary given the seriousness of Leroy's triggering offenses, since the trial court has the discretion to control the character and scope of the evidence presented concerning constitutional proportionality, the review procedure employed by the trial court does not constitute reversible error. *See People v. Mershon, supra.*

■ Although the trial court concluded that Leroy's triggering offenses were serious, it found that his prior felonies were not serious. However, the court did not specifically find that his life sentence was constitutionally disproportionate to his crimes. Furthermore, the court made no factual findings based on the testimony of the statistical analyst from the Department of Corrections regarding whether Leroy's sentence was grossly disproportionate to those of other criminals serving life sentences under the habitual criminal statute. Accordingly, we are unable to ascertain the propriety of the court's ruling, and thus, the cause must be remanded with directions that the trial court make further findings and, based on those findings, determine whether to reduce Leroy's sentence.

### III. Age as a Relevant Factor in Proportionality Review

■ Both defendants contend, based upon Colo. Const. art. II, § 20, that the trial court should have considered each defendant's age as a relevant factor to be considered at the proportionality review hearing. We disagree.

■ A division of this court has held that a defendant's age is not a relevant factor to be considered by a court in a proportionality review under the Colorado Constitution. *People v. Moya,* — P.2d — (Colo.App. 1994). We find this case to be dispositive. Accordingly, we reject the defendants' contentions.

### IV. Conclusion

As to Leroy, the portion of the order purporting to reduce his parole eligibility is vacated, and the cause is remanded to the trial court with directions to make additional factual findings, and if it believes appropriate, to impose a reduced sentence, subject only to the People's right to appeal that ruling. That portion of the order purporting to reduce Anthony's parole eligibility is vacated, and the cause is remanded with directions to

reinstate the life sentence as originally imposed.

RULAND and BRIGGS, JJ., concur.