**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Curtis TALLEY, a/k/a Curtis Jackson, Defendant–Appellant.**

**No. 94CA1570.**

Colorado Court of Appeals, Div. III.

Sept. 5, 1996.

Rehearing Denied Oct. 3, 1996.

Certiorari Denied March 24, 1997.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jacque Lyn Russell, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Curtis Talley, appeals from the order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

In 1982, a jury convicted defendant of two counts of theft, both class 4 felonies with a sentencing presumptive range of two to four years. *See* Colo. Sess. Laws 1977, ch. 226, § 18–4–401(2)(c) at 973. The jury also convicted defendant of five habitual criminal counts, and the trial court sentenced him to 25 years in the Department of Corrections.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. Art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

On June 23, 1994, defendant filed a motion for post-conviction relief pursuant to Crim. P. 35(c) in which he alleged that the habitual criminal statutes had been substantially amended and that two of the offenses which formed the basis for the habitual criminal counts had been reclassified as misdemeanors in 1993. Defendant maintained that as a result of all of these changes he was entitled to a proportionality review of his sentence because the changes rendered his 25–year sentence unconstitutionally disproportionate.

The court summarily denied the motion as untimely pursuant to § 16–5–402, C.R.S. (1986 Repl.Vol. 8A) and further concluded that the amendments to the habitual criminal statute reclassifying two of the predicate felonies to misdemeanors applied prospectively only.

Defendant first contends that the motion was not untimely because the time bar of § 16–5–402 does not apply to a post-conviction motion which challenges only the sentence. In the alternative, defendant argues that there was justifiable excuse or excusable neglect for the late filing and that the court should hear the motion. We disagree with each of these arguments.

### I.

■ We are not persuaded by defendant's first argument that the time bar in § 16–5–402, which requires, as pertinent here, that a defendant commence post-conviction proceedings within three years of the conviction, does not apply to proportionality reviews.

Crim. P. 32(c) defines a judgment of conviction as follows:

A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant.

Crim. P. 32(c) makes it clear that a sentence is an integral part of the judgment of conviction for purposes of finality of the judgment. A division of this court has determined that for purposes of § 16–5–402 and post-conviction review, "a conviction occurs when the trial court enters judgment and sentence is imposed, if there is no appeal."

*People v. Hampton,* 857 P.2d 441, 444 (Colo. App.1992), *aff'd,* 876 P.2d 1236 (Colo.1994).

Crim. P. 35(c)(2)(IV) specifically permits a defendant to file a motion for post-conviction relief when the sentence imposed exceeds the maximum authorized by law or when it is otherwise not in accordance with the sentence authorized by law. An illegal sentence can be corrected at any time. Crim. P. 35(a).

In our view, it makes no sense to assume that the limitation period in § 16–5–402 was intended to be applicable to fewer than all of the grounds permitted by Crim. P. 35(c). There is no such limiting language in the statute.

In addition, our supreme court has placed no limitation on the application of § 16–5–402 to motions filed pursuant to Crim. P. 35(c). *See People v. Wiedemer,* 852 P.2d 449 (Colo. 1993).

Finally, in *People v. Hampton, supra,* the supreme court concluded that the conviction of a defendant of habitual criminal counts and sentencing of a defendant as an habitual criminal are two integral components of the entire process of conviction.

We conclude that the limitation period of § 16–5–402 is applicable to a proportionality review of a sentence imposed pursuant to the habitual criminal statutes. Therefore, the trial court did not err in concluding that defendant's motion was subject to, and untimely under, the time bar of § 16–5–402.

### II.

■ Defendant argues, however, that even if the motion was untimely, he had established justifiable excuse or excusable neglect for the late filing by virtue of the fact that his request for a proportionality review is based on 1993 amendments to the statutes. Again, we disagree.

A statute is presumed to have prospective application unless the General Assembly expresses a contrary intent. Section 2–4–202, C.R.S. (1980 Repl.Vol. 1B); *Riley v. People,* 828 P.2d 254 (Colo.1992).

When it enacted the 1993 amendments to the habitual criminal statute upon which defendant relies, the General Assembly ex-

pressly stated that the new provisions were to apply prospectively only to those offenses committed on or after July 1, 1993. *See* Colo. Sess. Laws 1993, ch. 322, § 16–13–101(1) at 1975 and § 28 at 1992. All of defendant's convictions occurred prior to July 1, 1993, the effective date of the amendment to the habitual criminal statute. Therefore, the trial court correctly concluded that the changes had no application to defendant's sentence.

Citing *People v. Penrod,* 892 P.2d 383 (Colo.App.1994), and *People v. Anaya,* 894 P.2d 28 (Colo.App.1994), however, defendant argues that the trial court may consider changes in the sentencing laws after the imposition of his initial sentence for purposes of a proportionality review even though the amendments are expressly prospective only. We conclude that defendant misreads both *Penrod* and *Anaya.*

In *People v. Penrod, supra,* the defendant, who had been convicted of a class 6 felony, requested and was granted an extended proportionality review in the trial court prior to sentencing and was, nevertheless, given a life sentence. While his direct appeal was pending, the General Assembly adopted the 1993 amendments to the habitual criminal statute, which among other things, limited the application of the statute to those instances in which the underlying substantive offense was a class 1 through a class 5 felony. A division of this court held that as a result of the amendments, another proportionality review was required at which the trial court could consider the effect of the amendments, which because of their prospective limitation, did not apply. *Penrod,* under its unique facts, permitted the trial court to consider the amendments in a reconsideration of a proportionality review to which the defendant was already entitled and did not implicate the time bar of § 16–5–402.

In *People v. Anaya, supra,* a division of this court indicated that it was appropriate for the trial court to consider changes in the sentencing laws in its consideration of an abbreviated proportionality review to which the defendants were already entitled.

We decline defendant's invitation to expand the holding or implications of *Penrod* or the comment in *Anaya.* We conclude that an amendment to the habitual criminal act which is prospective only does not form a basis for establishing justifiable excuse or excusable neglect for the purposes of § 16–5–402.

Therefore, defendant's Crim. P. 35(c) motion was untimely, and the trial court properly denied it. Having so held we need not address defendant's remaining contention that he should have been granted a hearing.

The order is affirmed.

PLANK and NEY, JJ., concur.