23CA0488 Peo v White 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0488 City and County of Denver District Court No. 13CR4239 Honorable Eric M. Johnson, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Thomas James White, Defendant-Appellant. ORDER AFFIRMED Division II Opinion by JUDGE GROVE Fox and Sullivan, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Thomas James White, Pro Se 
1 ¶ 1 Defendant, Thomas James White, appeals the denial of his postconviction motion challenging the proportionality of his sentence under the reasoning of Wells-Yates v. People, 2019 CO 90M. Because White filed his postconviction motion more than three years after his conviction became final, and because he has not established justifiable excuse or excusable neglect for his untimely filing, we conclude that his motion is time barred. We therefore affirm. I. Background ¶ 2 In 2014, White was convicted of the following: • pimping of a child, • pandering of a child, • procurement of a child, • keeping a place of child prostitution, and • contributing to the delinquency of a minor. At sentencing, White was adjudicated as a habitual offender based on three prior felony convictions.
1 The trial court sentenced him to 1 White was convicted of second degree robbery in Missouri in 1997, federal felon in possession of a firearm in Missouri in 2001, and another federal felon in possession of a firearm in Missouri in 2007. 
2 a controlling term of forty-eight years in the custody of the Department of Corrections, with all of his sentences to run concurrently. Through counsel, White challenged the proportionality of his sentence at the sentencing hearing. After conducting an abbreviated proportionality review, the court concluded the sentence was not grossly disproportionate. ¶ 3 White appealed, alleging two trial errors; he did not argue that his sentence was grossly disproportionate. People v. White, (Colo. App. No. 15CA0296, Mar. 1, 2018) (not published pursuant to C.A.R. 35(e)). The division issued its mandate in February 2019. Shortly thereafter, White filed a pro se Crim. P. 35(c) motion, which was denied without a hearing. White also filed a Crim. P. 35(a) motion to correct an illegal sentence and a Crim. P. 35(b) motion for sentence reconsideration; both were summarily denied. ¶ 4 In April 2022, White filed the instant postconviction motion arguing that his sentence is grossly disproportionate under Wells-
Yates. The postconviction court denied the motion without a hearing after conducting an abbreviated proportionality review. The court’s order did not address whether White’s motion should be procedurally barred. 
3 ¶ 5 This appeal followed. II. Timeliness ¶ 6 We review do novo the denial of a Crim. P. 35(c) motion without an evidentiary hearing. People v. Chalchi-Sevilla, 2019 COA 75, ¶ 8. “A court may deny a defendant’s Crim. P. 35(c) motion without an evidentiary hearing ‘only where the motion, files, and record in the case clearly establish that the allegations presented in the defendant’s motion are without merit . . . .’” Id. at ¶ 7 (citation omitted). Additionally, we may affirm the postconviction court’s summary denial based on timeliness even if the postconviction court denied the motion on other grounds. § 16-5-402(1.5), C.R.S. 2023. ¶ 7 A postconviction motion arguing that the defendant’s sentence is grossly disproportionate is a challenge to the constitutionality of the sentence and is therefore cognizable under Crim. P. 35(c)(2)(I). Lucero v. People, 2017 CO 49, ¶ 26. For felony convictions other than class 1 felonies, a challenge to the constitutionality of a sentence must be brought within three years of the sentence becoming final. § 16-5-402(1). When a defendant directly appeals his conviction (and does not prevail on appeal), the conviction 
4 becomes final when the appellate mandate issues. See People v. Hampton, 876 P.2d 1236, 1238 (Colo. 1994); see also People v. Stanley, 169 P.3d 258, 259 (Colo. App. 2007). ¶ 8 If a defendant files a postconviction motion more than three years after his conviction becomes final, he must affirmatively plead justifiable excuse or excusable neglect for the late filing. § 16-5-
402(2)(d); People v. Wiedemer, 852 P.2d 424, 440 n.15 (Colo. 1993). ¶ 9 Here, White acknowledges that he filed the current postconviction more than three years after the mandate issued from his direct appeal, but he asserts that it is not time barred for two reasons. First, he argues that the procedural bars to Crim. P. 35(c) do not apply to proportionality reviews for habitual offenders. And second, White contends that his late filing should be excused because Wells-Yates established a new rule of constitutional law for conducting a proportionality review under the habitual offender statute. See Crim. P. 35(c)(3)(VI)(b), (VII)(c); see also People v. Rainer, 2013 COA 51, ¶ 28 (holding that a significant change in constitutional law can constitute justifiable excuse for an otherwise untimely postconviction filing), rev’d on other grounds, 2017 CO 50. We disagree on both points. 
5 ¶ 10 First, citing People v. Session, 2020 COA 158, and People v. Anaya, 894 P.2d 28 (Colo. App. 1994), White asserts that a defendant who is sentenced under the habitual criminal statute is “always entitled” to a proportionality review “upon request,” and apparently without regard to timing. At least three published decisions issued by divisions of this court have held otherwise. See People v. McDonald, 2023 COA 23, ¶ 8 (applying statutory time bar to proportionality claim raised by defendant sentenced under habitual criminal statutes) (cert. granted Nov. 14, 2023); People v. Moore-El, 160 P.3d 393, 395 (Colo. App. 2007) (same); People v. Talley, 934 P.2d 859, 860 (Colo. App. 1996) (same). White does not offer any persuasive reason to depart from the holdings of these cases, and we agree with their reasoning. Accordingly, White’s postconviction claim is time barred unless he is able to establish justifiable excuse or excusable neglect for his late filing. We turn to that question next. ¶ 11 Second, in some cases, a defendant can establish justifiable excuse or excusable neglect for an otherwise untimely postconviction filing by basing the claim on a new rule of substantive constitutional law established in case law. See Rainer, 
6 ¶ 29. New rules of constitutional law generally do not apply retroactively to cases that have become final before the rule is announced. Teague v. Lane, 489 U.S. 288, 310 (1989); Edwards v. People, 129 P.3d 977, 980 (Colo. 2006). But there are two exceptions to this bar against retroactivity: (1) if the rule is substantive, meaning that it “alter[s] the range of conduct or the class of persons that the law punishes,” as opposed to procedural, meaning that it “regulate[s] only the manner of determining the defendant’s culpability”; or (2) if the rule is a “watershed” procedural rule that implicates the fundamental fairness and accuracy of the criminal proceeding. People v. Johnson, 142 P.3d 722, 725-27 (Colo. 2006) (quoting Schriro v. Summerlin, 542 U.S.
348, 353 (2004)); see also Edwards, 129 P.3d at 983-84, 986-87. ¶ 12 McDonald, ¶¶ 12-24, is informative. In that case, as here, the defendant requested a proportionality review several years after his conviction became final based on the supreme court’s opinion in Wells-Yates. Id. at ¶¶ 6, 9. The division evaluated that request under Rule 35(c), just as we do here, even though it was not designated as such. Id. at ¶¶ 8-10. The defendant argued, among other things, that his late filing should be excused because his 
7 motion was based on new rules of constitutional law announced in Wells-Yates that applied retroactively. Id. at ¶ 9. ¶ 13 The McDonald division disagreed, concluding that even if Wells-Yates did create any new rules of constitutional law, those rules are procedural, not substantive, and therefore did not apply retroactively. Id. at ¶ 12. As the division explained, Wells-Yates clarified Colorado’s approach to proportionality challenges, announcing that (1) when evaluating the gravity or seriousness of a defendant’s offenses, courts should consider relevant legislative amendments enacted after the date of the offense, even if they do not apply retroactively; and (2) the per se grave and serious designation should be reserved for the rare crimes that, based on their statutory elements, necessarily involve grave or serious conduct, and not all drug offenses are per se grave or serious. McDonald, ¶¶ 15, 18 (citing Wells-Yates, ¶¶ 45, 63, 76). The division reasoned that these rules are procedural because they “did not ‘change[] the scope of the underlying criminal proscription” but “only clarified the methods Colorado courts should use when evaluating whether a habitual sentence is constitutionally 
8 disproportionate in a given case.” Id. at ¶ 21 (alteration in original) (citation omitted). ¶ 14 McDonald further noted that, while the defendant in that case did not argue that the rules announced in Wells-Yates satisfied the second exception for “watershed” rules of criminal procedure, it “d[id]n’t see how they could.” Id. at ¶ 23. It added that the United States Supreme Court has “emphasiz[ed] the limited scope of the watershed-rules-of-criminal-procedure exception” and has “explain[ed] that [the exception] is ‘clearly meant to apply only to a small core of rules requiring the observance of those procedures that . . . are implicit in the concept of ordered liberty.’” Id. (quoting Beard v. Banks, 542 U.S. 406, 417 (2004)). ¶ 15 We agree with the holding in McDonald and therefore follow it. Any new rules announced in Wells-Yates do not apply retroactively and do not provide a basis for a finding of justifiable excuse or excusable neglect for White’s untimely Rule 35(c) motion seeking a proportionality review. As a result, his motion is time barred. III. Disposition ¶ 16 We affirm the postconviction court’s order. JUDGE FOX and JUDGE SULLIVAN concur.