23CA0748 Peo v Rhodes 11-14-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0748
Arapahoe County District Court No. 02CR2008
Honorable Eric B. White, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Zachary Caine Rhodes,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE TOW
Pawar and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 14, 2024

Philip J. Weiser, Attorney General, Jessica E. Ross, Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Gail K. Johnson, Alternate Defense Counsel, Boulder Colorado; Dan M. Meyer, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Zachary Caine Rhodes, appeals the district court's order denying his most recent Crim. P. 35(c) motion. We affirm.

## I.     Background

¶ 2     In 2003, a jury convicted Rhodes of first degree burglary, felony menacing, and a crime of violence sentence enhancer. He was adjudicated a habitual criminal based on evidence that he had four prior felony convictions: (1) a 1989 conviction for attempted unlawful possession of a Schedule II controlled substance; (2) a 1991 conviction for attempted escape; (3) a 1998 conviction for driving after revocation prohibited; and (4) a 2001 conviction for aggravated driving with a revoked license. The trial court sentenced him to concurrent prison terms of sixty-four years for first degree burglary and twelve years for menacing. Rhodes directly appealed the judgment, and a division of this court affirmed. *People v. Rhodes*, (Colo. App. No. 04CA1890, May 31, 2007) (not published pursuant to C.A.R. 35(f)) (*Rhodes I*).

¶ 3     In 2008, Rhodes filed a postconviction motion seeking a proportionality review, arguing that his sixty-four-year sentence for burglary constituted cruel and unusual punishment. After receiving the prosecution's response, the district court denied relief.

1

¶ 4    Rhodes did not appeal, instead filing a Crim. P. 35(c) motion asserting claims of ineffective assistance and improper nondisclosures by the prosecution but lodging no challenge to his sentence. The district court denied this motion without a hearing, and a division of this court affirmed. *People v. Rhodes*, (Colo. App. No. 09CA0069, Jan. 28, 2010) (not published pursuant to C.A.R. 35(f)) (*Rhodes II*).

¶ 5    More than ten years after the opinion in *Rhodes II*, our supreme court announced *Wells-Yates v. People*, 2019 CO 90M, which clarified how Colorado courts should conduct proportionality reviews in the context of habitual criminal cases. *See id.* at ¶ 17.

¶ 6    Three years after the decisions in *Wells-Yates*, Rhodes filed another Crim. P. 35(c) motion seeking a new proportionality review "pursuant to . . . the principles set forth in" that case and its companion cases. He acknowledged that his motion was barred by the three-year time limitation in section 16-5-402(1), C.R.S. 2024. He argued, however, that his untimeliness should be excused because his failure to seek relief within the applicable limitations period was the result of circumstances amounting to justifiable excuse or excusable neglect. In particular, he asserted that

- his claims were based on new substantive rules of constitutional law, as articulated in *Wells-Yates*, that were previously unavailable and that should be applied retroactively to cases on collateral review;

- his challenge to his habitual sentences was based on events that occurred after initiation of his prior appeal and postconviction proceeding — specifically, "statutory amendments and the issuance of *Wells-Yates*" and its companion cases; and

- an objective factor external to the defense and not attributable to it — namely, the existence of adverse precedent, abrogated by *Wells-Yates* — made raising the claims earlier impracticable.

Rhodes also acknowledged that his motion was successive. But he argued that the exceptions to the successiveness bar applied "[g]iven th[e] changed legal landscape."

¶ 7 In a detailed written order, the district court denied relief, concluding that the motion was (1) untimely and without adequate allegations of justifiable excuse or excusable neglect and (2) successive. In particular, the district court relied on *People v.*

*McDonald*, 2023 COA 23 (cert. granted Nov. 14, 2023), to conclude that *Wells-Yates* does not apply retroactively because, to the extent it announced any new rules of constitutional law, those rules were procedural, not substantive.

## II.    Discussion

¶ 8    Rhodes contends that the district court erred by denying his Crim. P. 35(c) motion without a hearing.  Reviewing that decision de novo, *People v. Cali*, 2020 CO 20, ¶ 14, we disagree.

¶ 9    When, as is concededly the case here, a defendant seeks to collaterally attack his judgment of conviction outside the time limitations set forth in section 16-5-402(1), he must allege facts that, if true, would entitle him to relief from the time bar.  *People v. Chavez-Torres*, 2019 CO 59, ¶ 13 (citing *People v. Wiedemer*, 852 P.2d 424, 440 n.15 (Colo. 1993)).  "[T]he *only* exceptions to the time limitations specified in subsection (1)" are those set forth in subsection (2).  § 16-5-402(2) (emphasis added).

¶ 10    As pertinent here, a defendant who invokes the timeliness exception set forth in section 16-5-402(2)(d) must allege facts establishing justifiable excuse or excusable neglect for the entire period of their delay.  *Wiedemer*, 852 P.2d at 441 (noting that, in

4

determining justifiable excuse or excusable neglect, courts should "consider the circumstances existing throughout the entire period from the inception of the conviction").

¶ 11     We agree with the People that Rhodes failed to do so.

¶ 12     As set forth above, *Wells-Yates* and its companion cases were announced in 2019. But Rhodes's motion did not explain why he waited to raise arguments tethered to those cases until 2022, three years after they were announced. As the People concede, "it takes some time to digest an opinion and draft a [Crim. P. 35(c)] petition," but in his motion, Rhodes offered no explanation for why he needed three years to begin pursuing relief, or why that period of delay was justified or excused. *See Chavez-Torres*, ¶ 14 (noting that one factor in determining whether there was justifiable excuse or excusable neglect is "the extent to which the defendant, having reason to question the constitutionality of a conviction, *timely investigated its validity and took advantage of available avenues of relief*") (emphasis added). And to the extent Rhodes does so for the first time on appeal, we decline to consider these new arguments. *Cali*, ¶ 34; *see also People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting defendant's attempt to fortify on appeal issues

5

inadequately raised in the district court and upholding dismissal of the claims regardless of adequacy of presentation on appeal); *People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) (allegations not raised in a Crim. P. 35(c) motion or hearing on that motion and not ruled upon by trial court are not properly before this court for review).

¶ 13    In any event, as the district court concluded, a division of this court has rejected the argument that postconviction proportionality claims based on the principles discussed in *Wells-Yates* are excepted from the procedural bars of Crim. P. 35(c). *McDonald*, ¶ 24; *id.* at ¶ 8 (characterizing both successiveness and timeliness as procedural bars). Specifically, *McDonald* rejected Rhodes's very claim that *Wells-Yates* and its companion cases created any new, substantive rules of constitutional law that should be applied retroactively. The division explained that even if *Wells-Yates* and its companion cases created new rules of constitutional law, "those rules are procedural, not substantive, and therefore don't apply retroactively." *Id.* at ¶ 12. We agree with the analysis and conclusion in *McDonald* and apply them here.

¶ 14    Rhodes offers yet another rationale to support a finding of justifiable excuse or excusable neglect.  He asserts that his proportionality challenge relies on factual and legal developments that occurred long after his convictions became final and that were outside of his control.  He claims that (1) none of his predicate offenses are currently felonies; (2) the legislature has revised the Habitual Criminal Act to allow habitual criminals to seek sentence reductions after ten years of incarceration; and (3) *Wells-Yates* held that such "statutory changes [are] the most valid indicia of Colorado's evolving standards of decency."  Because the combination of these legislative and judicial events was outside of his control, he argues, the justifiable excuse or excusable neglect exception is satisfied.

¶ 15    The People correctly point out that the legislative changes on which Rhodes relies are either expressly prospective, presumed to be so, or only applicable to nonfinal convictions.  *People v. Stellabotte*, 2018 CO 66, ¶ 29 ("[W]e apply expressly prospective statutes only prospectively" and "when the General Assembly does not indicate statutory changes are to apply only prospectively," defendants may only "receive the benefit of the amendatory

7

legislation to their non-final convictions."); § 2-4-202, C.R.S. 2024 ("A statute is presumed to be prospective in its operation.").

¶ 16    Moreover, the mere fact that the legislature has made prospective revisions to either the Habitual Criminal Act or the classification of Rhodes's predicate offenses does not alone establish justifiable excuse or excusable neglect.  *See People v. Talley*, 934 P.2d 859, 861 (Colo. App. 1996) (amendment to habitual criminal statute did not establish justifiable excuse or excusable neglect for untimeliness of postconviction motion that was based on the amendment, where amendment was prospective only).  At oral argument, Rhodes's counsel asserted that *Wells-Yates* overruled *Talley*.  We note that *Wells-Yates* did not discuss — or even cite — *Talley* and see nothing in *Wells-Yates's* analysis that calls into question *Talley*'s continued efficacy.  Indeed, the defendant in *Wells-Yates* was pursuing her proportionality challenge in her direct appeal, *see Wells-Yates*, ¶¶ 29-34, so the case has no bearing whatsoever on a justifiable excuse or excusable neglect analysis.

¶ 17    We also reject Rhodes's apparent claim that a change in the law is essentially tantamount to justifiable excuse or excusable neglect — even for final convictions.  If that were the case, the

exception (justifiable excuse and excusable neglect) would swallow the rule (procedural changes in the law are not retroactively applicable to convictions that are already final at the time the change in the law is announced). Instead, as the People also point out, the consideration of legislative changes in addressing the merits of a proportionality challenge is necessarily dependent on the retroactivity of *Wells-Yates.* And because we agree with the division in *McDonald*, we necessarily reject Rhodes's additional theory of establishing justifiable excuse or excusable neglect.

¶ 18    For the foregoing reasons, we conclude that Rhodes failed to allege facts that would establish justifiable excuse or excusable neglect for his belated filing. Having so concluded, we need not opine on the district court's alternate finding that Rhodes's filing was also successive.

### III.   Disposition

¶ 19    The order is affirmed.

JUDGE PAWAR and JUDGE SCHUTZ concur.